[Civ. No. 1154.    Second Appellate District.—September 16, 1912.]

F. H. HECKER, Appellant, v. R. M. BAKER, Respondent.

ACTION FOR SERVICES—APPEAL FROM JUDGMENT—OBJECTION TO TRANSCRIPT—DELAY IN NOTICE OF ENTRY OF JUDGMENT—QUESTION OF FACT—BILL OF EXCEPTIONS.—Upon an appeal from a judgment against the plaintiff in an action for services taken under the alternative method, where the respondent objected to the transcript because the notice of the entry of the judgment under section 953a of the Code of Civil Procedure was not presented in time, it is held that whether the notice was given was a question of fact, to be determined by the judge to whom the transcript was given for certification, and if the respondent wished to object to its authentication, he should have presented the matter upon a bill of exceptions.

ID.—SUPPORT OF FINDING AGAINST PLAINTIFF—GRATUITOUS SERVICES.— It is held that in the action for services rendered by the plaintiff to the defendant in showing the latter how to conduct a business in which both parties intended to engage, and which was thereafter abandoned, that the evidence and the circumstances surrounding the parties when the services were rendered clearly justified and sustained the finding of the court that the services were rendered gratuitously, without any intent on the plaintiff's part to charge compensation therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Chas. M. Ackerman, for Appellant.

Lucius M. Fall, for Respondent.

ALLEN, P. J.—The action was one to recover for certain services rendered by plaintiff to defendant. Defendant by his answer denies the performance of the services, their value, or that any services were performed at defendant's request or for his benefit. Findings and judgment went for defendant, and plaintiff appeals under the alternative method.

Objection is made by respondent to a consideration of the transcript because the notice required by section 953a, Code of Civil Procedure, was not given in time. Whether or not the notice of entry of the judgment was in fact given was a question of fact for determination by the judge to whom the transcript was presented for certification. It is true that the record discloses that the transcript was signed by a judge other than the trial judge, but a stipulation appears in the record to the effect that the transcript should be signed by the presiding judge, and it is so signed. Being signed in the manner agreed upon, and no objection being made at the time to the delay in the notice of the entry of judgment, it must be presumed in support of the record that the question of fact was determined adversely to respondent, and that the presiding judge properly authenticated the transcript as he was authorized to do by the stipulation. It was the duty of respondent, if he desired to object to the authentication of the transcript and have reviewed the action of the court below in relation to the certification, to have presented the matter to this court upon a bill of exceptions, under which only can questions of fact be reviewed. It is not within our province to consider affidavits attached to the record and not embodied in a bill of exceptions.

Considering the appeal, then, upon its merits, we find evidence in the transcript tending to show that defendant, the **owner of** certain premises, proposed to plaintiff to engage with

him in business as occupants of such premises, defendant to
fit up the premises in a proper manner and when ready for
business defendant to be allowed a rent for the room and fix-
tures. The stock was to be bought on joint account, and the
profits, after payment of expenses, to be divided. This plain-
tiff agreed to, on the condition, however, that he was to be
permitted to purchase all furniture and fittings, for the rea-
son that he could buy cheaper than another by reason of al-
ready being in the business. The parties had various con-
sultations over the purchases during the progress of fitting up
the room, a part of which furniture consisted of an expensive
soda fountain purchased by plaintiff and paid for by defend-
ant. After the room was fitted for business, plaintiff declined
to enter into the joint possession of the premises, upon the
plea that it would interfere with an established business then
being conducted by him. He, however, when defendant re-
monstrated with him upon his failure to carry out his orig-
inal plan, suggested that he would gladly show defendant, or
those in his employ, how to conduct the business, and would
give him the directions as to the preparation of certain articles
designed for sale in the business. Plaintiff did give some in-
structions in the preparation of certain articles for the market
and made occasional visits to the place, but it is obvious, if
the trial court accepted as true the statements of defendant
and his witnesses, that such services were rendered without
any intent on plaintiff's part to charge a compensation there-
for; in fact, there is to be found in the record declarations of
plaintiff to that effect. The circumstances surrounding the
parties when the various services were rendered, together with
the evidence in the record in connection with their perform-
ance, we think, clearly justifies the court in finding the same
to have been gratuitous upon the part of plaintiff, and that
the settlement had between the parties was intended to be
and was a full and final adjustment of all differences between
them.

We see no error in the record, and the judgment and order
are affirmed.

James, J., and Shaw, J., concurred.