[S. F. No. 6845. In Bank.—September 29, 1914.]

M. F. FISKE et al., Petitioners, v. P. F. GOSBEY, Judge of the Superior Court of Santa Clara County, Respondent.

APPEAL—SETTLEMENT OF TRANSCRIPT—FAILURE TO REQUEST PREPARATION IN TIME—MANDAMUS.—A writ of mandate will not lie against a judge of the superior court requiring him to settle, allow, and properly certify a transcript on appeal attempted to be prepared under the provisions of section 953a of the Code of Civil Procedure, for use on an appeal from a judgment, if the appellant has neglected, for more than ten days after filing his notice of appeal, to file with the clerk of the superior court a notice requesting the preparation of the transcript, as required by the express provisions of that section.

ID.—NOTICE TO CLERK TO PREPARE TRANSCRIPT—TIME TO GIVE—NOTICE OF ENTRY OF JUDGMENT—NOTICE OF APPEAL.—Section 953a of the Code of Civil Procedure requires that the notice to the clerk referred to therein must be filed within ten days after notice of entry of the judgment, order, or decree appealed from. The filing of a notice of appeal is conclusive evidence that the appellant knew of said judgment or order, and its contents, at the time of the filing of said notice, and such filing fixes the beginning of the time to give said notice to the clerk, in the absence of anything to show that he had notice thereof theretofore.

ID.—ACTUAL KNOWLEDGE OF ENTRY OF JUDGMENT OR ORDER APPEALED FROM.—A written notice of the entry of the judgment or order is not necessary to start running the time for filing said notice to the clerk, when the appellant has actual knowledge thereof.

ID.—EFFECT OF FAILURE TO NOTIFY CLERK—RELIEF FROM FAILURE.—By failing to give such notice to the clerk within the time fixed by law, the appellant loses his right to proceed with the preparation of his transcript on appeal in the manner provided by said section 953a, and relief from the failure to give such notice, if it can be given at all, must be sought in the lower court.

APPLICATION for a Writ of Mandate directed to P. F. Gosbey, Judge of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

Henry French, for Petitioners.

C. C. Coolidge, for Respondent.

THE COURT.—This is an application on the part of petitioners for a writ of mandate requiring the respondent to settle, allow, and properly certify a transcript on appeal attempted to be prepared under the provisions of section 953a of the Code of Civil Procedure, for use on an appeal from a judgment of dismissal of an action brought by one Lorenzo Fellers v. Monterey Coal Co., given and made by the clerk of said superior court of Santa Clara County on the twenty-second day of August, 1910, in compliance with the directions of the plaintiff therein.

The appeal was taken by these petitioners on the twenty-first day of February, 1911, they on that date filing with the clerk of the superior court a notice of said appeal.

No notice was filed with said clerk by petitioners stating their desire or intention to appeal from said judgment or their appeal therefrom and requesting that a transcript be made and prepared, as required by the express provisions of section 953a, until the twenty-eighth day of March, 1911. Said section in terms requires that such notice must be filed within ten days after notice of the entry of judgment, order, or decree appealed from.

The transcript which the judge was requested to settle and certify contains many matters which would have no place in a judgment-roll, including affidavits, notices of motion, an order of substitution of attorneys, etc. As is shown by the petition for a writ of mandate herein, what petitioners seek to have reviewed on their appeal are certain matters that would not be shown by any judgment-roll, their real complaint being against certain orders of the court made prior to the judgment of dismissal,—namely an order refusing to substitute M. F. Fiske as a party plaintiff in the action in place of Lorenzo Fellers, and an order allowing a substitution of another attorney by the plaintiff Fellers in place of Henry French, the original attorney of record for the plaintiff.

As we have said, section 953a requires that the notice to the clerk referred to therein must be filed within ten days after notice of entry of the judgment, order, or decree appealed from. It was held in *Estate of Keating,* 158 Cal. 113, [110 Pac. 109], that the filing of a notice of appeal from a judgment or order is, of course, conclusive evidence that the appellant knew of said judgment or order, and its contents, at the time of the filing of said notice, and that this fixed the

beginning of the time to give said notice to the clerk, in the absence of anything to show that he had notice thereof theretofore. It is explicitly declared that a written notice of the entry of the judgment or order is not necessary to start running the time for filing said notice to the clerk, when the appellant has actual knowledge thereof. It was further held in that case, by failing to give such notice within the time fixed by law, the appellant loses his right to proceed with the preparation of his transcript on appeal in the manner provided by section 953a. It was also held that "relief from the failure to give notice to the clerk, under section 953a, if it can be given at all, must be sought in the lower court."

We are of the opinion that, regardless of all other points made against the granting of a writ of mandate in this case, the ruling in *Estate of Keating,* 158 Cal. 109, 113, [110 Pac. 109], necessarily precludes the granting of the relief sought.

The application for a writ of mandate is denied.