.[S. F. No. 7738. In Bank.—May 17, 1916.]

## GEORGE SCHMITT, Petitioner, v. J. Q. WHITE, Judge of the Superior Court of Mendocino County, Respondent.

APPEAL — ORDERS ON MOTIONS FOR NEW TRIAL — AMENDMENT OF 1915 ABOLISHING RIGHT OF APPEAL.—By the amendments of August 8, 1915, to sections 956 and 963 of the Code of Civil Procedure, the previously existing right of appeal from an order determining a motion for a new trial is abolished, except in the single case of an order granting a new trial in an action tried by a jury, where such trial by jury is a matter of right, and on an appeal from a judgment the appellate court is also empowered to review any order made on motion for a new trial.

ID.—RECORD ON APPEAL UNDER SECTION 953A, CODE OF CIVIL PROCEDURE —NOTICE TO CLERK.—The only object of the amendment of August 8, 1915, to section 953a of that code, providing that in cases where proceedings on motion for new trial were pending, the notice to the clerk for the preparation of a record for use on appeal from the judgment might be filed "within ten days after notice of decision denying said motion, or of other termination thereof" is to enable a party to include in his transcript prepared under that section for use on such appeal the matters material to a review of the action of the court on his motion for a new trial. The provision should be liberally construed for the purpose of enabling such

a review to be had where the proceeding on motion for a new trial was pending at the date the change in the law took effect.

ID.—APPEAL FROM JUDGMENT — LOSS OF RIGHT TO RECORD PRIOR TO AMENDMENT.—Such amendment was not intended to give a party, who had appealed from a judgment prior to the change in the law and whose right to such a record had absolutely expired prior to such date, a right to a new record for the purpose of reviewing matters in no way germane to the question of the correctness of the disposition by the trial court of the motion for new trial, and material only to questions involved in the appeal from the judgment as the law stood before the change of August 8, 1915.

ID.—CHANGES IN LAW AFFECTING TIME FOR COMMENCEMENT OF PRO-CEEDINGS.—A change in the law extending the time in which a proceeding may be commenced will not be considered as operating to create a new right as to one where the time under the old law had already expired, that is, at least, unless the intent to accomplish this is very clearly manifested.

ID.—ALTERNATIVE METHOD OF PREPARING RECORD—TIME LIMITATIONS MUST BE OBSERVED.—The proceeding for a record under section 953a is an independent proceeding, an alternative method of preparing a record, in lieu of a bill of exceptions, to which a party may resort at his option. But it is essential that the party should inaugurate such proceedings within the time designated by law. The change of August 8, 1915, was not intended to give to a party whose right had expired prior thereto a new right to inaugurate such a proceeding.

ID.—NEW TRIAL—PROCEEDINGS COMMENCED PRIOR TO AMENDMENT—NOTICE OF INTENTION—MANNER OF MAKING MOTION.—The changes in the law requiring motions for new trial to be made only on affidavits in certain cases and on the minutes of the court in other cases do not affect proceedings for a new trial pending at the time of the changes. Such proceedings must be determined on the record specified in the notice of intention, provided such specified record was authorized by the law as it stood at the time of the filing of the notice of intention.

ID.—MOTION TO BE MADE ON AFFIDAVITS AND BILL OF EXCEPTIONS—MIN-UTES OF COURT CANNOT BE CONSIDERED—REPORTER'S TRANSCRIPT IMMATERIAL.—Where a notice of intention to move for a new trial, filed prior to the changes of August 8, 1915, stated that the motion would be made on affidavits and a bill of exceptions, the moving party is confined thereto, and the motion cannot be made or determined on the minutes of the court. The reporter's transcript of the proceedings at the trial could play no part either in the determination of the motion in the court below or on review of that determination by an appellate court.

ID.—DELAY IN SETTLEMENT OF BILL—DISMISSAL OF MOTION—ABSENCE OF RECORD.—Where such motion for new trial was dismissed for

neglect and delay in prosecuting the settlement of the bill of exceptions, no affidavits having been filed, and the moving party having been refused relief from his default, there is no record upon which the motion for a new trial could be determined on its merits.

Id.—Mandamus to Compel Judge to Certify Transcript of Proceedings at Trial.—The appellant, having lost his right to a record under section 953a on appeal from the judgment, cannot by *mandamus* compel the trial judge to certify to a transcript of the proceedings at the trial for use on such appeal in lieu of the bill of exceptions which he attempted to obtain and which he lost by reason of his default.

APPLICATION for a Writ of Mandate directed to J. Q. White, Judge of the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

Preston & Preston, and Lovett K. Fraser, for Petitioner.

Robert Duncan, for Respondent.

ANGELLOTTI, C. J.—This is an original proceeding in mandate to compel a trial judge to certify a transcript prepared under section 953a of the Code of Civil Procedure, for use on petitioner's appeal from a judgment. An alternative writ of mandate was issued and the matter has been submitted for decision upon respondent's demurrer to the petition.

The judgment was one entered January 15, 1915, in an action wherein petitioner was plaintiff and one Redemeyer defendant. It was a judgment given upon granting the defendant's motion for a nonsuit. Notice of entry of the judgment was given petitioner on January 15, 1915. On January 25, 1915, petitioner duly gave and filed notice of his intention to move for a new trial upon various grounds, specifying in his notice that as to two of the grounds the motion would be made upon affidavit, and that as to each of the other grounds it would be "made upon a bill of exceptions to be hereafter prepared and settled as provided by law." Thereafter, on March 9, 1915, he appealed from the judgment. On January 3, 1916, the judge, on the objection of the defendant, refused to settle the proposed bill of exceptions, and on the same day an order was made denying the motion of petitioner to be relieved from his neglect and delay.

in the matter of said bill and in pressing his motion for a new trial, and also dismissing the motion for a new trial and all proceedings thereon. It is not claimed that there was any error in the action of the judge in so far as his refusal to settle the bill was concerned, or in the order refusing to relieve petitioner from his default. Within ten days thereafter, on January 13, 1916, petitioner filed with the clerk of the court a notice for the preparation of a record under section 953a for use on his appeal from the judgment, the same to consist of a transcript of the "testimony offered or taken, evidence offered and received, and all rulings, acts, instructions or statements of the court; also all objections or exceptions on motion made or taken in said action, and all matters to which the same relate." The notice further specified that the judgment-roll be incorporated and petitioner's notice of intention to move for a new trial, the minute order of the court dismissing petitioner's motion for a new trial, all minute orders, and some other matters not material to any question involved here. No affidavits on motion for new trial were called for, and it does not appear that any such affidavit was ever filed. The transcript was prepared as required, certified by the clerk in so far as he had authority to certify, and duly presented to the judge for certification. The transcript prepared by the stenographic reporter was one of all the testimony taken and the proceedings had *at the trial* of said action. On February 5, 1916, on the objection of defendant that the time for such a transcript had expired long before the initiation of proceedings therefor, the judge refused to certify the transcript. It is not disputed that it is, in fact, a correct transcript of the proceedings.

As the law was at the date of entry of the judgment and up to August 8, 1915, a proceeding for a transcript under section 953a was required to be initiated by the filing of the notice with the clerk "within ten days after notice of entry of the judgment, order or decree" appealed or to be appealed from. Unless so initiated within said time no such transcript could be obtained. Petitioner's right to such a transcript on his appeal from the judgment therefore expired January 25, 1915. On August 8, 1915, various amendments of our statutory provisions made at the legislative session of 1915 relative to practice took effect. Section 953a was amended by the addition of a provision to the effect that if a proceed-

ing on motion for new trial be pending, such notice might be filed "within ten days after notice of decision denying said motion, or of other termination thereof." As we have seen, there was pending a proceeding on motion for new trial at the time this change in the law became effective, and this proceeding was not terminated until January 3, 1916 (*San Francisco-Oakland Ter. Rys.* v. *Superior Court, ante,* p. 541, [157 Pac. 604]), so that if this provision is applicable under the circumstances stated, petitioner's proceeding for a record initiated on January 13, 1916, was in time.

The sole object of the addition of this provision is obvious. By other amendments taking effect at the same time, constituting parts of a considerable change in our system of practice, the previously existing right of appeal from an order determining a motion for a new trial was abolished except in the single case of an order granting a new trial in an action tried by a jury where such trial by jury is a matter of right (sec. 963, Code Civ. Proc.), and it was provided that on an appeal from a judgment the appellate court might also review any order on motion for a new trial (sec. 956, Code Civ. Proc.), something that previously could not be done. It is thus apparent that notwithstanding the abolition of such right of appeal, the legislature desired to preserve a right of review of such an order by an appellate court, and did so by making the order reviewable on the appeal from the judgment. It is equally clear that the only object of the addition to section 953a of the provision we have referred to was to enable a party to include in his transcript prepared under that section, for use on the appeal from the judgment, the matters material to a review of the action of the court on his motion for a new trial, and thus to enable the desired review to be had. Manifestly, it was the desire of the legislature that, notwithstanding the abolition of the right of appeal from an order denying a new trial, opportunity should be afforded to the parties in all cases to obtain a review of such an order, and the proviso should be liberally construed for the purpose of enabling such a review to be had where the proceeding on motion for a new trial was pending at the date the change in the law took effect.

But just as clearly it cannot fairly be held that it was intended to give a party who had appealed from a judgment prior to the change in the law and whose right to such a

record had absolutely expired prior to such date, a right to a new record for the purpose of reviewing matters in no way germane to the question of the correctness of the disposition by the trial court of the motion for new trial, and material only to questions involved in the appeal from the judgment as the law stood before the change of August 8th. To construe the law otherwise would be to give it a retroactive effect not warranted by any rule of construction. If the change had simply been to extend the time for making the demand from ten days to one year, this would perhaps more clearly appear, but there is no difference in principle as to the two conditions. It is uniformly held that a change in the law extending the time in which a proceeding may be commenced will not be considered as operating to create a new right as to one where the time under the old law had already expired, that is, at least, unless the intent to accomplish this is very clearly manifested.

At the time of the change in the law, what was the situation with respect to these matters? Petitioner had absolutely lost by expiration of time his right to any record under section 953a et seq. of the Code of Civil Procedure. His only possible record, in addition to the judgment-roll, was the bill of exceptions, proceedings for the settlement of which, it may be assumed, were then pending. The right to this he subsequently lost purely by reason of his own default, and not on account of any change in the law. This fact, however, cannot affect the question of the right of appellant to a record under section 953a of the Code of Civil Procedure. That right was no longer in existence at the date of the change in the law, but had expired many months before. The proceeding for a record under section 953a is an independent proceeding, an alternative method of preparing a record, in lieu of a bill of exceptions, to which a party may resort at his option. But it was essential that the party should inaugurate such proceedings within the time designated in the law. It cannot be held that by the change it was intended to give to a party whose right had expired prior thereto a new right to inaugurate such a proceeding.

As we have intimated, it may be that petitioner is entitled to a record under section 953a in so far as the same is material solely to the determination of the question of the correctness of the trial court's action on the motion for a new trial.

But obviously such is not the record which it is here sought to require the judge to certify. The reporter's transcript of the proceedings at the trial, which the petition shows is the record desired to be so certified, could not be considered in reviewing the action of the court in disposing of the motion for new trial for at least two reasons shown by the allegations of the petition. In the first place, the notice of intention to move for a new trial specified, as the law then required it to specify, and as it still requires it to specify, how the motion would be made, and stated that it would be made, not upon the minutes of the court, but upon affidavits and a bill of exceptions. Notwithstanding the subsequent changes in the law, one of which was to require motions to be made only on affidavits in certain cases and the minutes of the court in other cases, it is clear that it cannot be held to have been intended to affect proceedings for a new trial pending at the time of the changes, and that such proceedings must be determined on the record specified in the notice of intention, provided, of course, such specified record was authorized by the law as it stood at the time of the filing of the notice of intention. Petitioner's motion for a new trial, in view of his notice, could not be made or determined on the minutes of the court. He was confined to affidavits and a bill of exceptions, and the reporter's transcript of the proceedings at the trial could play no part either in the determination of the motion in the court below or on review of that determination by an appellate court. In the second place, the petition shows that the motion for a new trial was not determined on the merits, but was *dismissed* for neglect and delay in prosecuting it, a question in the determination of which the transcript of the proceedings of the trial would not be material. While the dismissal of the motion under such circumstances may be taken as a denial of the motion for the purpose of authorizing a review of the order by an appellate court, the question on review would be whether the trial court erred in dismissing the proceedings and refusing to consider it on its merits. The conclusion of the trial court necessarily involved the neglect and delay of petitioner in the matter of procuring settlement of a bill of exceptions, the *only* record (except affidavits, which, it does not appear, were ever filed) upon which the motion could be heard. The trial judge having refused to settle any such bill on account of petitioner's

inexcusable default in the matter, and petitioner having been refused relief from such default, as to neither of which rulings is it suggested that there was any error, there apparently was no record upon which the motion for a new trial could be determined on its merits.

It is obvious that petitioner is really seeking a record for use on his appeal from the judgment proper in lieu of the bill of exceptions which he attempted to obtain and which he has lost by reason of his default. The demand made upon respondent was that he certify "to the said reporter's transcript, and add his certificate thereto that the same was a correct transcript of the evidence had and received and all other proceedings *in the trial*" of said cause. The prayer of the petitioner on this proceeding is for mandate requiring *this* to be done. This, under the circumstances, we are satisfied petitioner is not entitled to. The record which it is sought to require the judge to certify to is not, under the circumstances, such a record as the judge is required to certify, and therefore the application for a writ of mandate must be denied.

The alternative writ heretofore issued is discharged and the proceeding dismissed.

Shaw, J., Henshaw, J., Sloss, J., Melvin, J., and Lawlor, J., concurred.