[L. A. No. 3732.    Department One.—May 7, 1917.]

## JOSEPHINE DES GRANGES, Appellant, v. JOHN C. DES GRANGES et al., Respondents.

Deeds—Constructive Trusts—Creation of Life Estate With Remainders Over.—A certain deed, absolute on its face, executed in contemplation of death by a husband to his wife, in pursuance of an understanding between them that she would retain the title to a life estate in the property and would execute conveyances of the remainder in fee to the grantor's children, and certain deeds absolute on their face executed by her to such children, and delivered under her instructions that they were not to be recorded until after her death, are held to show the creation of a life estate in the wife for the term of her natural life, with remainders to such children.

Appeal—Alternative Method—Preparation of Transcript—Notice to Clerk for Preparation.—A transcript of the evidence, attempted to be prepared by the alternative method of appeal, cannot be reviewed on appeal if the appellant, within ten days after notice of entry of judgment, failed to give notice to the clerk for the preparation of the transcript, as required by section 953a of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Orange County. Curtis D. Wilbur, Judge Presiding.

The facts are stated in the opinion of the court.

Edwin A. Meserve, Shirley E. Meserve, and Paul H. McPherrin, for Appellant.

Avery & French, and Williams & Rutan, for Respondents.

LAWLOR, J.—This is an action to quiet the plaintiff's title to eighty acres of improved orchard land situated in Orange County. A trial was had before the court sitting without a jury. It was found that on June 11, 1898, Otto des Granges, Sr., the deceased husband of the plaintiff and the father of the three defendants, was the owner of the land; that on that day he made various instruments in contemplation of his death for the purpose of conveying the property, excepting for a small plot reserved as "Mausoleum Premises," in severalty equally to his four children, subject, however, to the provision of a certain writing, designated as his last will, which purported to reserve a life interest in the property in favor of his wife; that on June 19th following he duly published and declared the said writing as his will, and delivered to his four children the four instruments which purported to convey the property to them; that also in connection with this transaction he acknowledged and delivered to his wife an instrument which "purported to convey to [her] the absolute title in fee simple to the premises . . . , but which said instrument was in truth and fact, signed and acknowledged by said Otto des Granges, Sr., solely and only for convenience in order to avoid the expense of administration upon his estate after his death, and to simplify the disposition of said property according to the wishes of said Otto des Granges, Sr., after his death, which was then impending and momentarily expected by him, and with the intention and purpose on the part of said Otto des Granges, Sr., of putting the legal title to said premises in his said wife, Josephine des Granges, plaintiff herein, in trust for the four children of said Otto des Granges, Sr., and Josephine des Granges, then living, the interest of each to be a remainder in fee respectively in the separate tracts, . . . after the ter-

mination of a life estate in her, the said Josephine des Granges, and without any purpose or intention of vesting in her the absolute title thereto in fee, and the said plaintiff well knew and understood and acquiesced in and consented to said purpose and intention, and then and there knew and understood and consented that any right or interest which she might acquire or appear to acquire by or through said instrument, was and should be subject to such trust; that the said Otto des Granges, Sr., husband of plaintiff, reposed great trust and confidence in his said wife, and at said time there was an understanding and agreement between them that she would retain the title to a life estate in said property for and during her natural life, and would execute conveyances of the remainder in fee to the four children then living . . . ; that no valuable consideration of any sort was paid by or on behalf of the said Josephine des Granges . . . except love and affection as the consideration for said life estate in said plaintiff''; that Otto des Granges, Sr., died on June 24th and on July 2d the plaintiff, in accordance with his instructions, executed four deeds and delivered them to the defendant John C. des Granges, one of the children, which deeds respectively purported to convey to each of the four children the particular portion of the property which the husband had designated in the instruments first referred to, and instructed him to keep the same until her death ''and then to cause the same to be placed on record''; and that on July 7th she conveyed the plot of land set aside as the mausoleum premises to her children for a burial place for themselves and their descendants forever.   From these findings the court concluded, as matter of law, ''that the plaintiff is the owner of a life estate for the term of her natural life in the premises,'' and that the defendants are respectively the owners of the remainder estates, and accordingly entered its decree quieting the titles of the respective parties.

The plaintiff appeals from the judgment.  It is contended that the findings are inconsistent and that the conclusions drawn therefrom are contrary to law.  In support thereof the plaintiff claims that, according to the findings, the husband conveyed to her by his deed of July 19th merely a life estate with the remainders over to the children.  But notwithstanding this proposition, argues the plaintiff, the court further found that the plaintiff by her deeds of July 2d

conveyed the present title to the children, thus in effect finding that "she conveyed away a fee title which she never had." There is nothing in the findings to support this contention. The court clearly states that the plaintiff received the complete title from her husband. The children acquired no legal interest in the property; therefore, until the plaintiff, acting in accordance with her deceased husband's wishes, on July 2d delivered the deeds to John C. des Granges, at which time, as the court finds, she "then and there relinquished and gave up all control and dominion over the same, and did not retain any power to retake or repossess herself of the same." The effect of this transaction was to vest the legal title at once in the children, with a tenancy for life reserved to herself. As regards three of the deeds, John des Granges, the depositary, became the trustee for the three children respectively named therein as the grantees. The situation in this respect is identical with that considered in *Bury* v. *Young,* 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338], and is conclusively determined by the holding of that case. The fourth deed, like the others, was absolute in terms and its delivery by the plaintiff directly to the grantee himself, John C. des Granges, vested the title in him, but not absolutely, for the circumstances surrounding the making of the delivery, the transactions which preceded it and of which the conveyance to him was merely a part, impressed the title thereof with an equitable life estate in favor of the plaintiff, and to that extent constituted the grantee a trustee.

The plaintiff's briefs are almost exclusively directed to the sufficiency of the evidence to support the findings. It is argued at great length that the evidence is in most respects insufficient. In support of the contentions, the plaintiff offers a transcript of the evidence which was attempted to be prepared by the alternative method of appeal, although, it should be mentioned, the judgment-roll also appears before us in the usual form of a printed transcript. The transcript of evidence, however, cannot be reviewed on appeal, for the reason that the plaintiff utterly failed to give the ten days' notice to the clerk of the superior court for its preparation which section 953a of the Code of Civil Procedure requires. This fact is fully brought out in special findings made by the court "upon hearing the matter of the settlement and allowance of said transcript," following the defendants' ob-

jection to its certification. Those findings were: "That there had been no request to cause said transcript to be prepared, filed with said clerk prior to the eighteenth day of October, 1913; that the plaintiff had notice of the entry of the judgment herein on the twentieth day of August, 1913, and that on the first day of October, 1913, the plaintiff filed in the office of said clerk her notice of appeal from the judgment theretofore entered therein, and that the plaintiff had not filed any request for the preparation of such transcript with said clerk within ten days after notice of entry of judgment." Thus it appears that nearly two months elapsed after the plaintiff had notice of the entry of the judgment and before the required notice was given to the clerk. And it does not appear that the plaintiff at the hearing, or at any other time, asked for any relief under section 473 of the Code of Civil Procedure, or attempted to offer any explanation to excuse her failure to comply with the provisions of section 953a. There was presented, in fact, no opportunity for the exercise of any discretion by the court. Yet, as shown by the bill of exceptions prepared in accordance with the rule laid down in *Hecker* v. *Baker,* 19 Cal. App. 667, [127 Pac. 654], the trial court "announced, as a matter of law, his holding that the provision of the law, limiting the period of time for the filing of such request to ten days after notice of the entry of the judgment or decree, is directory and not mandatory," and thereupon certified to the record. This holding is clearly erroneous. It finds no support in the decisions of this court, and is in no wise justified by the scheme embodied in the alternative method of appeal. On the contrary, the application of such reasoning to the facts of this case practically nullifies the clear provisions of the code relating thereto. The obvious conclusion is, therefore, that, by failing to give the notice within the time fixed by law, the plaintiff lost her right to proceed with the preparation of the transcript of the evidence on appeal in the manner provided by the section. (See *Fiske* v. *Gosbey,* 168 Cal. 334, [143 Pac. 611].)

This disposes of the appeal.

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.