[L. A. No. 5149.   In Bank.—May 16, 1917.]

## EDNA A. BROWN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

APPEAL — ALTERNATIVE METHOD — NOTICE FOR PREPARATION OF TRAN-
SCRIPT—TIME FOR GIVING.—Under section 953a of the Code of Civil
Procedure, the filing with the clerk of the notice for the preparation
of the transcript within the time therein prescribed, that is, "within
ten days after notice of entry of the judgment, order or decree, or
if a proceeding on motion for new trial be pending, within ten days
after notice of decision denying said motion, or of other termination
thereof," is essential to the appellant's right to have such a tran-
script prepared and settled.

ID.—ACTUAL NOTICE OF DECISION—WRITTEN NOTICE NOT ESSENTIAL.—
Actual notice established by satisfactory evidence of record will
start the statute in motion without the service of a formal written
notice.   Such actual notice must be clearly shown by facts appear-
ing in the records, files, or minutes of the court.

ID.—INSUFFICIENT SHOWING OF ACTUAL NOTICE—MINUTE ORDER DENY-
ING NEW TRIAL.—A mere entry in the minutes of the trial court,
reciting that a motion for new trial came on regularly for hearing,
that certain persons appeared as attorneys for the parties, and that
the motion was denied, is insufficient to show actual notice of the
denial of the motion by the attorney of the moving party.

ID.—INITIATING APPEAL BY OLD METHOD—SUBSEQUENT APPEAL BY NEW
METHOD.—The fact that an appellant contemplated an appeal upon
a bill of exceptions, as prescribed in section 650 of the Code of
Civil Procedure, and took steps to obtain an extension of time for
the preparation thereof, did not deprive her of the right given by
section 953a of bringing up the record in the manner there
prescribed.

APPLICATION for a Writ of Mandate to compel the cer-
tification by a judge of the Superior Court of Los Angeles
County of the stenographic reporter's transcript for use in
support of an appeal from a judgment.   John M. York,
Judge.

The facts are stated in the opinion of the court.

Arthur C. Vaughan, for Petitioner.

Milton K. Young, for Respondent.

ANGELLOTTI, C. J.—This is a proceeding in mandate to compel the certification by a trial judge of the stenographic reporter's transcript, as provided in section 953a of the Code of Civil Procedure, for use in support of an appeal prosecuted by petitioner from a judgment rendered against her in a case entitled Tropical Investment Co. *v.* Edna A. Brown.

The principal ground for the refusal of the trial judge to certify the transcript was that the notice for the preparation of the same was not filed with the clerk of the superior court within the time prescribed by law. The law requires such notice to be filed "within ten days after notice of entry of the judgment, order or decree, or if a proceeding on motion for new trial be pending, within ten days after notice of decision denying said motion, or of other termination thereof." (Code Civ. Proc., sec. 953a.) It is settled that the filing of this notice within the time prescribed is essential to one's right to have such a transcript prepared and settled. (*Estate of Keating,* 158 Cal. 109, 113, [110 Pac. 109].) The notice was not filed within ten days after notice of entry of the judgment. There was a motion for a new trial, which was heard and denied on July 17, 1916. Written notice of this decision was served on petitioner on July 29, 1916, and within ten days after such service, viz., on August 8, 1916, petitioner filed the requisite notice with the clerk. As will be observed, this was more than ten days after the decision denying the motion was actually made. It is claimed that petitioner had actual notice of the decision on the motion for a new trial at the time it was made, and that where such is the case, written notice is not made essential by the language of this particular statute, with the result that her time for filing the notice for preparation of the transcript commenced at once and expired July 27, 1916.

It was held by the court in Bank in *Estate of Keating,* 158 Cal. 109, [110 Pac. 109], after a most exhaustive discussion, that, in view of the language of this statute, "actual notice established by *satisfactory evidence of record* will start the statute in motion without the service of a formal written notice." (The italics are ours.) In that case the filing of a notice of appeal from the order sought to be reviewed was held to be conclusive evidence that the party knew of the entry of the order, and this notice was taken as satisfactory "evidence of record." The same conclusion upon similar

facts was reached by the court in Bank in *Fiske* v. *Gosbey,* 168 Cal. 334, [143 Pac. 611]. While written notice is not required where actual notice exists, as is established by these decisions, it appears to be equally well settled that the actual notice must be clearly shown by facts appearing in the records, files, or minutes of the court, such, for instance, as the filing by the party of a notice of appeal or a notice of intention to move for a new trial, or an application for a stay of execution, etc. In such cases it has sometimes been said by the court that by such acts the party must be held to have waived written notice of the decision. Such acts clearly show the *actual* notice of the decision which, it is established, renders the service of written notice unnecessary under the particular statute here involved.

In the case at bar, the only material record evidence is furnished by the minutes of the court, which show the following entry, viz.:

"Tropical Investment Co.,
                    Plaintiff,

         vs.
"Edna A. Brown,
                    Defendant.

"The defendant's motion for a new trial coming on regularly to be heard, M. K. Young, Esq., appearing as attorney for Plaintiff and A. C. Vaughn, Esq., for defendant. It is ordered that the motion be and the same is hereby denied."

There is nothing in the entry or on the records or files to indicate that petitioner or her attorney did any act showing actual notice of this decision until, in pursuance of the written notice subsequently served, the notice for preparation of the transcript was filed. We do not think that it may fairly be held that the minute entry clearly shows actual notice of the decision to her attorney. It is entirely consistent therewith that he did not have such notice. While it shows that he appeared on the *hearing* of the motion, it does not show whether or not he was actually present when the decision was rendered. So far as the record shows, he may or may not have been present at that time. The records failing to show clearly that he did have such actual notice, we are of the opinion that it must be held that time for filing notice for preparation of transcript did not commence to run until the notice of decision was served, viz., on July 29, 1916, and that the notice filed on August 8, 1916, was in time.

As to another objection made, we are entirely satisfied with what was said by the district court of appeal of the second appellate district, in the decision in this proceeding, as follows:

"It appears that on August 2d the court, upon petitioner's application, made an order extending the time within which to prepare a bill of exceptions to be used on appeal; and this fact is urged as a further ground for the refusal of the court to certify the reporter's transcript prepared in lieu thereof. The fact that on August 2d petitioner contemplated an appeal upon a bill of exceptions, as prescribed in section 650 of the Code of Civil Procedure, and took steps to obtain an extension of time for the preparation thereof, could not deprive her of the right given by section 953a in bringing up the record in the manner there prescribed."

There is no other point requiring notice.

Let the peremptory writ of mandate issue as prayed.

Victor E. Shaw, J., *pro tem.*, Sloss, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.