AGUSTÍN ROSELLO-BRAS, Plaintiff and Appellant, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee.

No. 4174. Argued November 27, 1927.—Decided January 18, 1928.

*Angel A. Vázquez* for the appellant. *F.* and *M. Acosta Velarde* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellee moves to dismiss the present appeal, for the reason among others that the signature of the district judge to certify to the completeness, correctness and truthfulness of the transcript of the evidence is not authenticated by the seal of the court. The document in question is the original transcript taken directly from the stenographer's

notes attested by the original certificate of the stenographer followed by that of the district judge.

Section 20 of the Code of Civil Procedure, relied upon by counsel for appellee, expressly provides that (italics ours)—

"The seal of the court need *not* be affixed to any proceedings therein or document, *except*:

"1. To a writ.

"2. To the certificate of the probate of a will, or of the appointment of an executor, administrator or guardian.

"3. To the authentication of a *copy* of a record, or other proceeding of a court or of any officer thereof, or of a *copy* of a document on file in the office of the secretary."

In 1917 the Legislature authorized, instead of the preparation of a statement of the case or bill of exceptions, the filing of an application for the making and preparation of a transcript of the evidence and other specified matters of record. This application must be filed within ten days after filing the notice of appeal. Upon receipt of such application it becomes the duty of the court to issue an order to the stenographer. Later the district judge is required to examine the transcript and to see that it is an exact, true and correct copy of the proceedings had at the trial, of the evidence adduced, of the rulings and decisions and particulars in connection therewith. After a hearing in this regard, "the judge shall then certify the said transcript to be true and correct, and when so approved it shall constitute and form part of the judgment roll as if it were the bill of exceptions or statement of the case provided for in section 299 of the aforesaid Code, all other proceedings to be as prescribed in said section." Section 299 of the Code of Civil Procedure as amended in 1919, provides, among other things, that—

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, except in the case of approval of a transcript of the evidence pursuant to law. In this case the record of an appeal shall

be constituted by the said original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided."

The law of 1917 might have been construed at the time of its enactment and in connection with section 299 of the Code of Civil Procedure as it then stood, to mean that the transcript of the evidence, when certified by the trial judge, was to remain on file in the office of the clerk of the district court, and that a certified copy of such certified transcript was to be included by the clerk in the judgment roll as a part thereof. But the "original transcript" mentioned in section 299 as amended, although expressly made a part of the record on appeal is plainly no part of the judgment roll, as defined by that section either before or after such amendment. "The said original transcript" is not "a copy of a record, or other proceeding of a court or of any officer thereof, or of a copy of a document on file in the office of the secretary." Thus construed in connection with section 20 of the Code of Civil Procedure, section 299 as amended indicates not only the omission of any requirement as to a seal but a deliberate intention on the part of the Legislature to dispense with that formality.

Nor do we find in *Glas* v. *Glas,* 114 Cal. 566, cited by appellee anything which militates against the foregoing conclusion.

A second and more serious reason for the proposed dismissal, namely, that the seal of the court had not been affixed to the certified copy of the judgment roll, has been removed by the subsequent filing and substitution, upon leave of this court duly obtained, of a newly certified copy bearing the seal of the court.

The third ground for the proposed dismissal is that the attorney for appellant does not certify to service of a copy of the judgment roll upon counsel for appellee as provided by Law No. 27, 1917, as amended by Law No. 81, 1919. This

omission, however, is also supplied by the certificate of the secretary of the district court appended to the judgment roll, wherein the clerk states that an exact copy of the same transcript had been delivered to counsel for appellee as well as to the attorney for appellant.

It is also urged that the appeal should be dismissed because the motion for an order directing the stenographer to prepare a transcript of the evidence was filed before the filing of the notice of appeal.

In this connection, we are referred to *Spear* v. *Monroe,* 181 Cal. 728, as holding that—

"The failure of a party desiring to appeal under the alternative method to file the notice requesting *preparation of the record within the time specified goes* to the jurisdiction in so far as the preparation of the record is concerned."

*Schmidt* v. *White,* 172 Cal. 554, 158 Pac. 216; *Brown* v. *Superior Court,* 175 Cal. 141, 165 Pac. 429; *Des Granges* v. *Des Granges,* 175 Cal. 67, 165 Pac. 13; *Fiske* v. *Gosvey,* 168 Cal. 334, 143 Pac. 611; *Estate of Keating,* 158 Cal. 109, 110 Pac. 109; *McDowell* v. *Title Guarantee and Trust Co.,* 192 Pac. 103, and *Valine* v. *Valine,* 192 Pac. 69, are likewise cited in support of the following quotation:

"It is essential that a party seeking to obtain a record on appeal by the alternative method should inaugurate proceedings therefor within the time designated in the law. If the required notice to the clerk is not filed within the time set by law, the appellant loses his right to prepare his record on appeal by this method, and the record, if so prepared, cannot be considered by the appellate court. The limitation of time declared by the code is mandatory, not directory, and a contrary construction finds no support in the decisions of the supreme court and is in no wise justified by the scheme embodied in the alternative method of appeal. The failure to file a notice requesting the preparation of the record within the time specified goes to the jurisdiction in so far as the preparation of the record is concerned. It is not jurisdictional, however, so far as the appeal itself is concerned, and consequently the appeal cannot be dismissed because the required notice was filed too late.

Where the respondent objects to the consideration of the transcript on the ground that the required notice was not given in time, he must present his objection to the appellate court upon a bill of exceptions." 2 Cal. Jur. 625, 626, sec. 345.

The text just quoted does not go the full length of the proposition submitted by appellee, and it is fair to assume that if in any of the cases cited "the notice requesting the preparation of the record" was presented before the presentation of the notice of appeal, and for that reason was held to have been prematurely filed, that fact would be pointed out by counsel. But appellee also refers to *Empresa Teatral Ponceña* v. *Municipality of Ponce*, 30 P.R.R. 499, and *Noriega & Alvarez* v. *New York & Porto Rico Steamship Co.*, 33 P.R.R. 528, in support of the proposition that a motion prematurely filed is without legal force or effect. In both of the cases last mentioned the question decided arose out of the premature presentation of a memorandum of costs. The basis of the proceeding provided for the taxing of costs is an enforceable judgment. Until the time for appeal has expired, if no appeal has been taken, or until the judgment of the Supreme Court has been received in the court below in the event of such appeal, no cause of action accrues by reason of the pronouncement as to costs. The court therefore is without jurisdiction to pass upon the memorandum prematurely filed.

On the other hand, the power of the court to allow and to settle a bill of exceptions or to approve a statement of the case does not depend upon the taking of an appeal, and as already pointed out, the transcription of the evidence is in substance a statutory substitute for the historic bill of exceptions or statement of the case.

"Under strict common-law practice each exception should be reduced to the form of a bill when taken, and tendered, settled, and signed by the trial judge on the trial before verdict, or before the jury were discharged; but to meet the convenience of bench and bar, the practice obtained of allowing the bill to be reduced to

form after trial or judgment; the bill in such cases should, however, be signed *nunc pro tunc,* and purport to be actually in form as if signed during the trial. . . In the absence of a regulation, by statute or rule of court, as to the time when a bill is to be presented, it must be presented within a reasonable time, in the discretion of the trial judge, which will not be interfered with on appeal; and the courts sometimes adopt by analogy the period of limitation prescribed for taking appeals, although it has been held that the expiration of the time to appeal does not necessarily bar a subsequent settlement of a bill of exceptions. But the bill of exceptions cannot be presented for settlement and signature after such a lapse of time as to render it probable that the facts and circumstances of the trial have lapsed from the mind of the trial judge and parties, unless there is some minute or memorandum of the proceedings to guide the court.'' 4 C. J. pages 267–271, par. 1810.

Construing the law of 1917, as amended in 1919, in the light of its history and purpose, we are persuaded that the Legislature intended to fix a time limit after the expiration of which an appellant would not be permitted to pursue the alternative method of preparing a statement of facts or statement of the case to be used on appeal. No doubt, under the modern practice a trial judge would be justified in declining to interrupt the proceeding in order to allow and to settle a bill of exceptions presented during the progress of the trial, or to order the making of a transcript of the evidence before a notice of appeal had been filed. But it does not follow that the Legislature intended to deprive the district court of its power to order such transcript merely because the application for such order was filed inadvertently or otherwise before the moment of filing the notice of appeal, notwithstanding the previous service of such notice upon the adverse party, and in a case wherein such power is not in fact invoked nor exercised until after the filing of the said notice of appeal.

In the case at bar the notice of appeal is dated May the 8th, 1926. The signature of counsel for appellant is followed

by a formal acknowledgment of service of even date subscribed by counsel for appellee. This is followed in turn by a file mark dated May 19, 1926, in the certified copy of the judgment roll first filed herein without the seal of the court,— and dated May the 19th, 1927, in the later edition of the said judgment roll issued under the seal of the district court.

The motion to dismiss specifies April 19, 1926, as the date of the judgment, and to this extent is corroborated by both copies of the judgment roll. The motion to dismiss fixes May the 12th, 1926, as the date upon which the application for an order directing the preparation of a transcript was filed. Counsel for appellee, however, overlooks the fact that the certified copy of the application for the order directing the stenographer to prepare a transcript, likewise issued under seal of the court, and tendered in support of the motion to dismiss, although dated May 12, 1926, bears a file mark dated May 12, 1927.

The certified copy last aforesaid, if uncontradicted, would support a motion to dismiss upon the ground that the court below was without jurisdiction or power to issue the order in question for the reason that the application therefor had been filed after the expiration of the statutory period. But that is not the theory of the motion now under consideration. From the standpoint of that theory the certified copy of the untimely application proves entirely too much. Incidentally it discloses a marked indifference as to dates in the office of the secretary of the district court.

It is true, as already pointed out, that the later certified copy of the judgment roll indicates that the notice of appeal was not filed until May 19, 1927, that is to say, thirteen months after the date of the judgment. Also of course, if this later and technically more authentic version of what occurred in the court below be accepted at its face value, then the filing of the application for the making and preparation of a transcript would still be premature according to

the theory of appellee. The subsequent certified copy of the judgment roll, however, is not only contradicted upon this point by the previous certified copy of the same record, but also by the certificate of the trial judge appended to the transcript of the evidence which was approved on March 21, 1927, and by an overwhelming preponderance of documentary evidence in several other cases which were by stipulation submitted upon the evidence adduced herein as to the principal issues involved and are now likewise pending the determination of similar motions to dismiss the respective appeals.

Other suggestions are that the appeal should be dismissed because it does not appear from the documents which are said to constitute the judgment roll that the same have been filed in the court below and because the documents last mentioned are not true and correct copies of the originals, in that the title of the action and the name of the notary or official before whom the answer was verified are omitted. These propositions as developed in the memorandum submitted by appellee in support of said motion, do not demand serious consideration at this time.

The motion will be denied.