Agustín Roselló Bras, demandante y apelante, v. The American Railroad Company of Porto Rico, demandada y apelada.

No. 4174.—*Visto:* Noviembre 27, 1927.  *Resuelto:* Enero 18, 1928.

1. Apelación y Error—Récord y Procedimientos que no Están en Récord—Autenticación y Certificación—Transcripción de la Evidencia—Sello del Tribunal.—La transcripción original de la evidencia que se hace formar parte del récord de apelación no necesita estar autenticada con el sello del tribunal inferior.

2. Apelación y Error—Récord y Procedimientos que no Están en Récord—Defectos, Objeciones, Enmiendas y Corrección—Defectos en la Autenticación del Récord.—Cuando como motivo de desestimación se alega la falta del sello de la corte inferior en la copia certificada del legajo de la sentencia y tal motivo ha desaparecido por la radicación y substitución posterior de otra copia que lleva dicho sello obtenida mediante el debido permiso para ello, no procede desestimar.

3. Apelación y Error—Récord y Procedimientos que no Están en Récord—Envío, Radicación, Impresión y Servicio de Copias—Falta de Servir Copia del Récord de Apelación y Efecto.—Cuando como motivo de desestimación se alega la omisión de certificar que se haya notificado al apelado con copia del legajo de la sentencia y tal omisión ha sido suplida por la certificación del Secretario de la corte inferior, anexa al legajo al efecto de que él entregó a los abogados de la apelada copia de dicha transcripción, así como por otra del apelante, no procede desestimar por el motivo alegado.

4. Apelación y Error—Récord y Procedimientos que no Están en Récord—Contenido, Preparación y Aprobación de la Exposición del Caso o Relación de Hechos—Preparación y Radicación de la Transcripción de la Evidencia—En General.—Una corte de distrito tiene poder para ordenar la preparación de la transcripción de la evidencia aún cuando la moción solicitando tal orden se radicare antes de archivarse el escrito de apelación.

Moción sobre desestimación de apelación, interpuesta ésta contra sentencia de *Charles E. Foote,* J. (Mayagüez), declarando sin lugar la demanda, con costas. *Sin lugar* la moción.

*Angel A. Vázquez,* abogado del apelante; *F. y M. Acosta Velarde,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La apelada solicita que desestimemos la presente apelación, entre otras razones, porque la firma del juez de distrito que certifica que la transcripción de la evidencia es completa, correcta y verdadera, no ha sido autenticada con el sello de la corte.  El documento en cuestión es la trans-

cripción original tomada directamente de las notas taquigráficas y certificada por la certificación original del taquígrafo, a la cual sigue la del juez de distrito.

[1] El artículo 20 del Código de Enjuiciamiento Civil en que se basan los abogados de la apelada, dispone expresamente que (bastardillas nuestras):

"*No será necesario* estampar el sello de la corte en ningún procedimiento o documento *exceptuándose:*

"1. En un auto.

"2. En un certificado de la comprobación de un testamento, o del nombramiento de un albacea, administrador, o tutor.

"3. Para dar autenticidad a la *copia* de actuaciones u otro procedimiento de una corte, o de cualquiera de sus funcionarios, o a la *copia* de un documento archivado en la oficina del secretario."

En 1917 la Legislatura dispuso que en vez de que se preparara una exposición del caso o un pliego de excepciones se radicara una solicitud para que se hiciera y preparara la transcripción de la evidencia y de otras materias específicas de los autos. Esta solicitud debe ser radicada dentro de los diez días de haberse archivado el escrito de apelación. Al recibo de esta solicitud, es el deber de la corte expedir una orden dirigida al taquígrafo. Luego se exige del juez de distrito que examine la transcripción y vea si es una copia exacta, fiel y verdadera del procedimiento habido durante la vista, de la prueba aducida, de las resoluciones y decisiones y demás particulares relacionados con la misma. Celebrada una vista con este fin, "el juez entonces certificará la fidelidad y corrección de dicha transcripción y, cuando sea así aprobada, constituirá y formará parte del legajo de la sentencia como si fuera el pliego de excepciones o exposición del caso previsto en el artículo 299 del ya citado Código, procediéndose en todo lo demás como dispone el repetido artículo."

El artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado en 1919, dispone, entre otras cosas, que:

"Constituirá el récord de una apelación la certificación que libran el secretario del tribunal *a quo,* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente."

La ley de 1917 pudo haberse interpretado al tiempo de ser adoptada y en relación con el· artículo 299 del Código de Enjuiciamiento Civil según regía entonces, en el sentido de querer decir que la transcripción de la evidencia, al ser certificada por el juez sentenciador, debía permanecer archivada en la secretaría de la corte de distrito, y que el secretario debía incluir en el legajo de la sentencia y como parte del mismo, una copia certificada de tal transcripción certificada. Pero aunque la "transcripción original" mencionada en el artículo 299, según fué enmendado, se hace formar parte expresamente de los autos de apelación, es claro que no forma parte del legajo de la sentencia según el mismo está definido por dicho artículo antes y después de la referida enmienda. "La dicha transcripción original" no es "la copia de actuaciones u otro procedimiento de una corte, o de· cualquiera de sus funcionarios, o . . . la copia de un documento archivado en la oficina del Secretario." Así interpretado en conexión con el artículo 20 del Código de Enjuiciamiento Civil, el artículo 299, según fué enmendado, indica no solamente la omisión de cualquier requisito en cuanto al sello, sino también la intención deliberada por parte de la Legislatura de omitir tal formalidad.

Tampoco hallamos en el caso de *Glas* v. *Glas,* 114 Cal. 566, citado por la apelada, nada que surta efecto contra·la anterior conclusión.

[2] La segunda y más seria razón en que se basa la propuesta desestimación, al efecto de que el sello de la corte no ha sido fijado en la copia certificada del legajo de

la sentencia, ha sido eliminada por la radicación y substitución posterior de una copia que lleva el sello de la corte, y que fué obtenida mediante el debido permiso de este tribunal.

[3] El tercer fundamento para solicitar la desestimación es que el abogado del apelante no certifica que haya notificado a los abogados de la apelada con copia del legajo de la sentencia, según lo dispone la Ley No. 27 de 1917, tal como fué enmendada por la Ley No. 81 de 1919. Sin embargo, esta omisión también ha sido suplida por la certificación del secretario de la corte de distrito anexa al legajo de la sentencia, en la que el secretario manifiesta que se les había entregado a los abogados de la apelada una copia de la misma transcripción, así como otra al abogado del apelante.

[4] También se alega que debe desestimarse la apelación porque la moción solicitando que se ordene al taquígrafo que prepare la transcripción de la evidencia fué radicada antes de que se archivara el escrito de apelación.

Con respecto a esto, se nos cita el caso de *Spear* v. *Monroe,* 181 Cal. 728, como que resuelve lo siguiente:

"El dejar una parte que desea apelar siguiendo el método alternativo de radicar un escrito solicitando la preparación de los autos dentro del tiempo especificado, se dirige a la jurisdicción, en tanto en cuanto se refiere a tal preparación."

Asimismo, se citan los casos de *Schmidt* v. *White,* 172 Cal. 554, 158 Pac. 216; *Brown* v. *Superior Court,* 175 Cal. 141, 165 Pac. 429; *Des Granges* v. *Des Granges,* 175 Cal. 67, 165 Pac. 13. *Fiske* v. *Cosvey,* 168 Cal. 334, 143 Pac. 611; *Estate of Keating,* 158 Cal. 109, 110 Pac. 109; *McDowell* v. *Title Guarantee & Trust Co.,* 192 Pac. 103; y *Valine* v. *Valine,* 192 Pac. 69, en apoyo de la siguiente cita:

"Es esencial que la parte que desee obtener los autos de una apelación siguiendo el método alternativo deba comenzar los procedimientos para ello dentro del tiempo fijado por la ley. Si no se le

hace al secretario la notificación exigida por la ley dentro del tiempo determinado por la misma, el apelante pierde su derecho de preparar los autos de apelación siguiendo este método, y los autos, si así se preparan, no pueden ser tomados en cuenta por la corte de apelación. El límite de tiempo prescrito por el código es imperativo y no discrecional y una interpretación distinta no está sostenida por las decisiones de la Corte Suprema ni en forma alguna está justificada por el plan envuelto en la forma alternativa de apelar. El dejar de radicar un escrito solicitando la preparación del récord dentro del término fijado se dirige a la jurisdicción en tanto en cuanto se refiere a tal preparación." 2 Cal. Jur. 625–626, sección 345.

Lo que acaba de copiarse no se extiende a todo lo largo de la proposición sometida por la apelada, y es bueno asumir que, si en cualquiera de los casos citados "el escrito solicitando la preparación del récord" hubiese sido presentado antes de la radicación del escrito de apelación, y por ese motivo se hubiese resuelto que había sido presentado prematuramente, los abogados harían constar ese hecho.

Pero la apelada, también hace referencia al caso de *Empresa·Teatral Ponceña* v. *Municipio de Ponce,* 30 D.P.R. 539, y *Noriega & Alvarez* v. *The New York & Porto Rico Steamship Co.,* 33 D.P.R. 512, en apoyo de la proposición de que una moción radicada prematuramente carece de fuerza o efecto legal. En los dos casos últimamente mencionados la cuestión resuelta surgió de la presentación prematura de un memorándum de costas. La base del procedimiento prescrito para la fijación de costas es una sentencia ejecutable. Hasta que haya vencido el término para apelar, si no se ha apelado, o hasta que se reciba en la corte inferior la sentencia de la Corte Suprema, en caso de que se haya apelado, no surge causa de acción alguna con motivo del pronunciamiento de costas. Por tanto, la corte carece de jurisdicción para considerar un memorándum de costas radicado prematuramente.

Por otra parte, la autoridad de la corte para admitir y aprobar un pliego de excepciones o para aprobar una expo-

sición del caso no depende de que se apele, y, según ya hemos indicado, la transcripción de la evidencia es substancialmente un substituto estatutorio del histórico pliego de excepciones o exposición del caso.

"De acuerdo con la práctica estricta del derecho común, cada excepción debe ser reducida a la forma de un pliego al ser tomada, debiendo entonces ser propuesta por el abogado y resuelta y firmada por el juez sentenciador durante el juicio y antes del veredicto o de disolverse el jurado; pero para conveniencia de las cortes y el foro se implantó la práctica de permitir que al pliego de excepciones se le diera debida forma después del juicio o de haberse dictado la sentencia; sin embargo, en tales casos el pliego de excepciones debe ser firmado *nunc pro tunc*, y se supondrá que está hecho en debida forma tal como si hubiese sido firmado durante el juicio . . . . En ausencia de un reglamento, bien mediante estatuto o regla de la corte en lo que respecta al momento en que debe presentarse un pliego de excepciones, éste deberá someterse dentro de un tiempo razonable, a discreción del juez sentenciador, con la cual no se intervendrá en apelación; y las cortes a veces adoptan por analogía el período de tiempo fijado para apelar, a pesar de que se ha resuelto que el vencimiento del período dentro del cual se puede apelar no impide necesariamente que se apruebe posteriormente el pliego de excepciones. Pero tal pliego no puede ser presentado para su aprobación después de un lapso de tiempo tal que haga probable que los hechos y las circunstancias del juicio se hayan desvanecido de la mente del juez sentenciador y de las partes, a menos que haya alguna minuta o memorándum de los procedimientos que puedan servir de guía a la corte." 4 C. J. págs. 267–271, párrafo 1810.

Interpretando la ley de 1917, según fué enmendada en 1919, a la luz de su historia y espíritu, estamos convencidos de que la intención de la Legislatura fué fijar un límite de tiempo, después de transcurrido el cual un apelante no puede seguir el método alternativo de preparar una transcripción de la evidencia antes de radicarse el escrito de apelación. Pero de ello no se desprende que fuera la intención de la Legislatura privar a la corte de distrito del poder que tiene para ordenar la transcripción, meramente porque se haya radicado, por inadvertencia o alguna otra causa

una moción solicitando tal orden antes de archivarse el escrito de apelación, no obstante el hecho de haberse notificado previamente el escrito de apelación a la parte contraria, en un caso en que en realidad no se invoca ni se ejerce tal poder hasta después que se radica el escrito referido

En el presente caso el escrito de apelación está fechado el 8 de mayo de 1926. A la firma del abogado del apelante sigue un reconocimiento formal de haberse hecho la notificación en igual fecha, suscrito por el abogado de la apelada. A eso sigue a su vez una marca de radicación de fecha 19 de mayo de 1926 en la copia certificada del legajo de la sentencia que primeramente se radicó aquí sin el sello de la corte—y de fecha 19 de mayo de 1927 en la copia posterior de dicho legajo de la sentencia que fué expedida bajo el sello de la corte de distrito.

La moción de desestimación especifica el día 19 de abril de 1926 como la fecha de la sentencia, y en lo que a esto respecta está corroborada por ambas copias del legajo de la sentencia. La moción de desestimación dice que el 12 de mayo de 1926 fué que se radicó la solicitud para que se ordenara la preparación de la transcripción. El abogado de la apelada, sin embargo, pasa por alto el hecho de que la copia certificada de la moción solicitando que se ordene al taquígrafo que prepare la transcripción, expedida igualmente bajo el sello de la corte y ofrecida en apoyo de la moción de desestimación, aunque tiene fecha de 12 de mayo de 1926, aparece radicada el 12 de mayo de 1927.

La copia certificada a que últimamente se hace referencia, de no ser controvertida, sostendría una moción de desestimación por el fundamento de que la corte inferior carecía de jurisdicción o de autoridad para dictar la orden en cuestión, porque la solicitud para que se expidiera la misma fué radicada después de haber transcurrido el período estatutorio. Pero ésta no es la teoría de la moción que estamos considerando. Desde el punto de vista de esa

teoría, la copia certificada de la solicitud hecha fuera de tiempo prueba demasiado. Revela incidentalmente que en la secretaría de la corte de distrito hay una marcada indiferencia en lo que a fechas se refiere.

Según ya hemos indicado, es cierto que la copia certificada posterior del legajo de la sentencia indica que el escrito de apelación no fué radicado sino hasta el 19 de mayo de 1927, o sea, trece meses después de haberse dictado la sentencia. Además, por supuesto, si esta versión posterior y técnicamente más auténtica de lo que ocurrió en la corte inferior, es aceptada por lo que aparece de su propia faz, entonces la radicación de la moción para que se hiciera y preparara la transcripción sería aún prematura, de acuerdo con la teoría de la apelada. Sin embargo, la copia certificada posterior del legajo de la sentencia no sólo está controvertida sobre este punto por la copia certificada anterior de los mismos autos, sino también por la certificación del juez sentenciador anexa a la transcripción de la evidencia que fué aprobada el 21 de marzo de 1927, así como por una preponderancia abrumadora de prueba documental en varios otros casos que por estipulación fueron sometidos con la prueba aducida en este caso en cuanto a los puntos principales envueltos, y estando ahora pendientes en tales casos mociones similares para que se desestimen las apelaciones respectivas.

Se alega además que debe desestimarse la apelación porque no aparece de los documentos que se dice constituyen el legajo de la sentencia que los mismos se encuentran radicados en la corte inferior, y porque los documentos últimamente mencionados no son una copia fiel y exacta de sus originales, ya que se omiten el título de la acción y el nombre del notario o funcionario ante el cual se juró la contestación. Estas cuestiones, según están expuestas en el memorándum sometido por la apelada en apoyo de su moción

de desestimación no requieren, por ahora, seria considera-
ción.

*Debe declararse sin lugar la moción.*