[No. 14312.    Department Two. — August 26, 1891.]

H. G. DOW, RESPONDENT, v. A. L. ROSS, APPELLANT.

COST-BILL — TIME FOR FILING — NOTICE OF DECISION — STRIKING OUT COSTS. — If a party entitled to costs neglects to serve and file his memorandum thereof until more than five days have elapsed after he has knowledge of the decision of the court, though no written notice of it has been served upon him, the filing is too late, and the costs will be stricken from the judgment on motion.

ID. — RELIEF FOR INADVERTENCE OR EXCUSABLE NEGLECT — INSUFFICIENT SHOWING — FORGETFULNESS. — Conceding, without deciding, that relief can be granted for inadvertence or excusable neglect in failing to file a cost-bill in time, under section 473 of the Code of Civil Procedure, such relief will not be granted upon an affidavit showing mere forgetfulness to file it in time, owing to press of other business.

APPEAL from an order of the Superior Court of San Diego County vacating a judgment as to costs, and refusing to relieve the defendant from default.

The facts are stated in the opinion.

*Sprigg & Barber*, for Appellant.

*A. E. Cochran*, for Respondent.

BELCHER, C. — The judgment in this case was, that the plaintiff take nothing, and that defendant recover his costs, "adjusted at the sum of $50.50." The findings on which the judgment was based were filed October 5, 1889. Six days later, on October 11th, one of the attorneys for defendant prepared, verified, served, and filed a memorandum of defendant's costs, and the amount thereof was afterwards inserted by the clerk in a blank left in the judgment for the purpose. In due time thereafter, the plaintiff moved the court to strike out the costs from the judgment, on the ground that the memorandum was not served and filed in time, and hence the insertion thereof in the judgment was inadvertently and illegally made. The court granted the motion, and from that order this appeal is prosecuted.

The code provides: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk and serve upon the adverse party, within five days after the verdict or notice of the decision of the court, . . . . a memorandum of the items of his costs and necessary disbursements in the action or proceeding," etc.   (Code Civ. Proc., sec. 1033.)

It is claimed for appellant that his memorandum was filed in time, because, — 1. He had received no written notice of the decision of the court, and hence the five days' limitation had not commenced to run; and 2. His delay was excusable, under the circumstances shown.

It is a settled rule in this state that if a party entitled to costs neglects to serve and file his memorandum thereof till more than five days have elapsed after he has knowledge of the decision of the court, though no notice of it has been served upon him, the filing will be too late, and the costs will be stricken out on motion.   (*O'Neil* v. *Donahue,* 57 Cal. 226; *Mullally* v. *Benevolent Society,* 69 Cal. 559.) Here it appears from the affidavit of the attorney who served and filed the memorandum that he had actual knowledge of the decision on the day the findings were filed.   The case, in this respect, is therefore brought clearly within the rule above stated.

As an excuse for the delay, the attorney states in his affidavit that during the remainder of October 5th he was extremely busy in preparing, serving, and filing papers in another case, and attending to other pressing engagements; that on October 6th he attended to no business, as it was Sunday; that on October 7th he attempted to prepare the bill of costs, and intended to immediately serve and file the same, but was unable to obtain all the items; that on October 8th he prepared a bill of costs, so far as he was able, and laid the same on his desk, in order that it might not escape his attention; that "in the press of business, and some confusion consequent thereon, said bill of costs became covered over with papers

in other cases, and neither that nor the subject of said costs again came to affiant's mind until about three or four o'clock in the afternoon of October 11th, when the matter of said costs was brought to his attention by something said as to costs by an attorney in argument, that being motion day, during which affiant was engaged in court; affiant at once examined the code, got excused from court, consulted defendant, prepared a new bill of costs on another blank, so far as he could, and immediately served and filed the same, with the admission of service by plaintiff's attorney; . . . . that owing to said stress of work and the constant calls made upon his time during said week, affiant could not give said matter of costs the attention required under the circumstances to insure against errors and lapse of memory; "wherefore affiant prays for an order relieving defendant from said mistake, inadvertence, and neglect, and that said judgment may stand as entered."

Conceding, without deciding, that under the provisions of section 473 of the Code of Civil Procedure, relief in a matter of this kind might be granted by the court upon a proper showing, still, we are satisfied that the showing here made was altogether insufficient to authorize the relief asked for.

It results, in our opinion, that the order appealed from was proper, and should be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.