[Civ. No. 1051.    Second Appellate District.—November 7, 1911.]

## DYER LAW & COLLECTION COMPANY, a Corporation, Respondent, v. E. A. SALISBURY et al., Appellants.

APPEAL FROM JUDGMENT—INSUFFICIENT RECORD—DISMISSAL.—An attempted appeal from the judgment will be dismissed where the only papers filed in this court, as constituting the record on appeal, consist of a typewritten transcript of the evidence taken at the trial, certified by the trial judge to be correct, together with loose copies of the complaint and answer attested by the clerk, there being no attempt by the appellants, so far as shown by the record, to comply with section 953a, in securing a proper authentication of the requisite papers to be used upon such appeal.

ID.—NOTICE AND REQUEST REQUIRED TO OBTAIN TRANSCRIPT UNDER NEW METHOD.—Where an appellant desires to dispense with a bill

of exceptions, and secure an authenticated transcript under section 953a of the Code of Civil Procedure, he is required to file with the clerk of the court from whose judgment, order or decree such appeal is taken or to be taken, a notice stating his desire or intention to appeal therefrom, or that he has so appealed, and requesting an authenticated transcript, as therein specified; and in the absence of such notice and request, no duty devolves upon the clerk to prepare, authenticate, and send up the judgment-roll, without which, or a printed transcript of the papers required to be used on such appeal, authenticated as required by the rules of this court, there is no record showing that any judgment was rendered or order made from which an appeal would lie, or if rendered or made, that any appeal was taken therefrom.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Geo. L. Sanders, for Appellants.

Cleveland Schultz, and Trusten P. Dyer, for Respondent.

SHAW, J.—Sections 950, 951 and 952, Code of Civil Procedure, designate the papers which the appellant is required to furnish the court upon an appeal. The only papers filed herein as constituting the record on appeal consist of a typewritten transcript of the evidence taken at the trial, certified by the trial judge to be correct, together with loose copies of the complaint and answer, attested by the clerk. It was doubtless appellants' intention, in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section 650, Code of Civil Procedure, to be used on appeal, to avail themselves of the provisions of section 953a of said code, which provides that, "Any person desiring to appeal from any judgment, order or decree of the superior court to the supreme court or any of the district courts of appeal, may, in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section six hundred and fifty of this code, file with the clerk of the court from whose judgment, order or decree said appeal is taken, or to be taken, a notice stating that he desires or intends to appeal, or has appealed there-

from, and requesting that a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate, be made up and prepared. Said notice must be filed within ten days after notice of entry of the judgment, order or decree.'' So far as shown by the record, no attempt was made by appellants to comply with the provisions of the section with reference to the filing of the notice and request for a transcript of the evidence and papers necessary to be used on appeal. In the absence of the filing of such notice and request, as prescribed by section 953a (and assuming that the judgment-roll, as defined by section 670, Code of Civil Procedure, need not be printed), no duty devolved upon the clerk to prepare, authenticate and send up the judgment-roll, without which, or a printed transcript of the papers required for use on appeal, authenticated as required by the rules of this court, there is no record showing that any judgment was rendered or order made from which an appeal would lie, or if rendered or made, that any appeal was taken therefrom.

For the reasons given, the attempted appeal is dismissed.

Allen, P. J., and James, J., concurred.