[L. A. No. 6381. In Bank.—December 22, 1919.]

WILLIAM C. SPEAR et al., Petitioners, v. CHARLES
    MONROE, as Judge of the Superior Court of Los An-
    geles County et al., Respondents.

[1] APPEAL—ALTERNATIVE METHOD—FILING OF NOTICE FOR PREPARA-
    TION OF RECORD—JURISDICTIONAL PREREQUISITE.—The failure of a
    party desiring to appeal under the alternative method to file the
    notice requesting preparation of the record within the time specified
    in section 953a of the Code of Civil Procedure, goes to the juris-
    diction in so far as the preparation of the record is concerned, at
    least in the absence of an order of the trial court relieving the
    party from his default in the matter of filing such notice.

[2] ID.—FILING OF NOTICE OF APPEAL IMMATERIAL.—The fact that a
    notice of appeal has been filed is altogether immaterial in so far
    as the effect of a failure to file the notice for the preparation of
    the record is concerned.

[3] ID.—ORDER EXTENDING TIME FOR PREPARATION OF RECORD IMMATE-
    RIAL.—An order of the judge, made ex parte, granting further
    time for the preparation of the record on account of the inability
    of the reporter to finish the same within the time specified in the
    code section, is immaterial, since such order is not one relieving the
    party from his default in the matter of the filing of the notice
    for the preparation of the record.

[4] ID.—FAILURE TO FILE NOTICE FOR PREPARATION OF RECORD—PROPER
    REFUSAL TO CERTIFY TRANSCRIPT.—Where a notice requesting
    preparation of the record was not filed within ten days after notice
    of entry of judgment, the court was justified in refusing to settle
    and certify the transcript, as was also the clerk in refusing to
    forward any record prepared under section 953a of the Code of
    Civil Procedure.

APPLICATION for a Writ of Mandamus to compel the
Superior Court of Los Angeles County to settle and certify
a proposed record on appeal. Denied.

The facts are stated in the opinion of the court.

Geo. M. Harker for Petitioners.

THE COURT.—Proceeding in mandate looking to com-
pelling the judge of the trial court to settle and certify a
proposed record on appeal under section 953a of the Code

of Civil Procedure, and to requiring the clerk to certify and forward record of judgment-roll, etc., prepared under said section. The petition shows that the notice requesting preparation of said record required by the section was not filed within ten days after notice of entry of the judgment. [1] The failure to file such a notice within the time specified in the section goes to the jurisdiction *in so far as the preparation of the record is concerned,* at least in the absence of an order of the trial court relieving the party from his default in the matter of filing such notice. (See *Estate of Keating,* 158 Cal. 109, [110 Pac. 109]; *Fiske* v. *Gosbey,* 168 Cal. 334, [143 Pac. 611].)

[2] The fact that a notice of appeal has been filed is altogether immaterial in so far as the effect of a failure to file this notice for the preparation of a record is concerned.

The order of the judge, made *ex parte,* granting further time for the *preparation* of the record on account of the inability of the reporter to finish the same within the time specified in the section, is likewise immaterial here. [3] It was not an order relieving the party from his default in the matter of filing the notice, and was made by the judge in ignorance of the fact that no notice had been filed in time. [4] The court was justified in vacating the same and in refusing to settle and certify the transcript, as was also the clerk in refusing to forward any record prepared under that section.

The application for a writ of mandate is denied.

All the Justices concurred, except Melvin, J., who was absent.