[Civ. No. 2211. Third Appellate District.—July 3, 1920.]

## JOE C. VALINE, Respondent, v. ROSA VALINE et al., Appellants.

[1] APPEAL—ALTERNATIVE METHOD—NOTICE TO PREPARE TRANSCRIPT—CODE PROVISION MANDATORY — DISMISSAL. — The provision of section 953a of the Code of Civil Procedure, as to the giving of notice to the clerk by the party intending to appeal, is mandatory; and where the required notice was not filed within the time therein specified, and the time has expired when a transcript on appeal can be prepared and filed with the appellate court, either by the old or the alternative method, and the time has also expired when a printed copy of the judgment-roll in the cause can be filed, and no application for relief from default having been made as required by section 473 of the Code of Civil Procedure, the appellate court must dismiss the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County. Chas. O. Busick, Judge. Granted.

The facts are stated in the opinion of the court.

H. T. Hiatt for Appellants.

Driver & Driver and G. W. Bedeau for Respondent.

PLUMMER, P. J., *pro tem.*—Motion to dismiss appeal. Plaintiff and respondent obtained judgment against the defendants in the superior court of Sacramento County for the sum of $1,250, or the restitution of a certain automobile, and also for the further sum of $62.40 damages and

costs of suit. This judgment was entered on the fifteenth
day of January, 1920. On January 29, 1920, defendants
gave notice of motion to move for a new trial. On March
1, 1920, the court denied the defendants' motion. On March
3, 1920, the plaintiff served upon the defendants a notice of
the order of the court overruling their motion for a new
trial, as above stated. On March 13, 1920, the defendants,
Rosa Valine, Manuel Fernandez, and John Fernandez, filed
in the superior court their notice of appeal. On March
16, 1920, said named defendants filed with the clerk of the
superior court of Sacramento County a notice to prepare a
transcript on appeal in this action, the same to be prepared
under section 953a of the Code of Civil Procedure. On the
same day the defendants filed with the clerk an undertaking
to pay the costs of the preparation of the transcript, and
also filed an undertaking to stay execution. No further
action appears to have been taken toward the preparation
of the transcript, but the records certified to by the clerk of
said superior court to this court show that on the eighth day
of April, 1920, an affidavit was filed by the attorney of
record for the defendants, in which it is stated that the notice
to the clerk was not filed within the ten days prescribed
by the statute; that the reason therefor was that the attorney
was awaiting the return of one of the persons who subse-
quently signed the undertaking delivered to the clerk to
cover the costs of preparing the transcript. Upon this affi-
davit the judge of the trial court made the following order:
"Good cause appearing therefor, it is hereby ordered, ad-
judged and decreed that the Clerk of the above-entitled
Court prepare a transcript on appeal as requested by said
defendants. Done in open Court this eighth day of April,
1920."

No transcript on appeal has been prepared in pursuance
of said notice, nor any of the other provisions of the code
relating to the old method. The time for preparing and
filing a transcript under the old method had expired at the
time of the hearing of the motion to dismiss, and the excuse
offered for not having a transcript prepared under the pro-
visions of section 953a of the Code of Civil Procedure is
that the stenographer who took the testimony in the case
was no longer an official stenographer of the court and had
been busy in other matters. No effort appears to have been

made to obtain any orders extending time within which to prepare the transcript, reliance being placed upon the order of the trial court herein set forth as being a release from default in the premises under the provisions of section 473 of the Code of Civil Procedure. This order, however, was made without notice, appears to have been *ex parte,* and if section 473 of the Code of Civil Procedure applies to such cases, which it is not necessary for us to decide, it can have no application to this case, because the procedure followed herein bears no semblance to the requirements of that section.

[1] On behalf of the respondent it is urged that the provision of section 953a of the Code of Civil Procedure, as to giving of notice to the clerk by the party intending to appeal, is mandatory. On behalf of the appellants herein it is insisted that all of the provisions of said section are merely directory.

The first case relied upon by the appellant is that of *Smith* v. *Jaccard,* 20 Cal. App. 280, [128 Pac. 1023, 1026]. This case was referred to and affirmed by the case of *Fisher* v. *Oliver,* 174 Cal. 782, [164 Pac. 800].

An examination of these two cases reveals the fact that the point at issue before the court was not involved in either one of those actions. Delays in the preparation of the transcript were there involved. The court in both cases was dealing with the failure of officials to comply with the code provisions relative to preparing the transcript within a certain period of time after the appellant had given his notice. The language used in section 953a of the Code of Civil Procedure, in speaking of what an appellant must do, and what the clerk and stenographer shall thereafter do, reads differently. That section says that an appellant having appealed, or intending to appeal, *must,* within ten days after notice of the decision, etc., file his notice with the clerk, then after receiving said notice it shall be the duty of the court to require the stenographic reporter to transcribe the phonographic report of the trial, and that the stenographic reporter shall, within twenty days after said notice has been filed with the clerk, prepare a transcript, etc. The code provision prescribes what an appellant must do, and then follows this requirement by a statement of the duty of the court and of the stenographic reporter. The two cases above

stated deal only with the official duties prescribed by the statute, over which an appellant has no personal control, but must seek relief through the courts if the prescribed official duties are not being performed, which, of course, necessitates the ruling that such provisions of the section are directory, otherwise an appellant would often be denied a hearing upon his appeal through no fault or laches of his own. But the first requirement of the code relates to his own act, is something over which he has exclusive control, is mandatory in form, and if any rights are lost by not giving notice, it is the fault of the appellant alone.

In *Des Granges* v. *Des Granges,* 175 Cal. 67, [165 Pac. 13], where a notice was not given by the appellant as required by the code, and the trial court held this provision of the code directory and not mandatory, the supreme court, in holding that the transcript prepared without giving such notice as required by the statute could not be considered, used the following language: "This holding [meaning the holding of the trial court that the provision requiring the giving of notice was directory and not mandatory] is clearly erroneous. It finds no support in the decisions of this court, and is in no wise justified by the scheme embodied in the alternative method of appeal. On the contrary, the application of such reasoning to the facts of this case practically nullifies the clear provisions of the code relating thereto. The obvious conclusion is, therefore, that, by failing to give the notice within the time fixed by law, the plaintiff lost her right to proceed with the preparation of the transcript of the evidence on appeal in the manner provided by the section."

To the same effect is the holding of the court in the case of *Fiske* v. *Gosbey,* 168 Cal. 334, [143 Pac. 611].

In the *Matter of the Estate of Keating,* 158 Cal. 109, [110 Pac. 109], the court holds, in effect, as decided in the later cases, though in the Keating case it does not appear that any notice whatever was given. The Keating case, however, does hold that if relief from such default can be given, the requirements of section 473 of the Code of Civil Procedure must be complied with and that the relief must be sought in the trial court.

The notice of appeal, as required by section 940 of the Code of Civil Procedure, the notice to the clerk, as re-

quired by section 953a of the Code of Civil Procedure, and the requirements of what the court and the stenographic reporter shall thereafter do, are three separate and distinct matters. Confusion appears to have arisen in the holding of some of the cases by not keeping in mind such distinction, and where such distinction is made, as appears by the decision in the Des Granges case, the requirement that appellant must give notice within the required number of days specified in the code is held mandatory.

The time having expired when a transcript on appeal can be prepared and filed with this court either by the old or the alternative method, the time also having expired when a printed copy of the judgment-roll in this cause could be filed, and no application for relief having been made as required by section 473 of the Code of Civil Procedure, if that section can be held applicable, there remains nothing for this court to do but to dismiss the appeal, and it is so ordered.

Burnett, J., and Hart, J., concurred.