[Sac. No. 3854. In Bank.—February 17, 1927.]

THE CALIFORNIA NATIONAL BANK OF SACRAMENTO (a National Banking Association), Respondent, v. EL DORADO LIME AND MINERALS COMPANY, a Corporation, et al., Appellants. '

[1] DEFAULT—MOTION FOR RELIEF—DISCRETION.—Motions for relief from default, under the remedial provisions of section 473 of the Code of Civil Procedure, are addressed to the sound discretion of the trial court, and an appellate court will not, in the absence of a clear showing of abuse in the exercise thereof, disturb the action of the court below; but it is the policy of the law to favor, wherever possible, a hearing on the merits, and an appellate court is much more disposed to affirm an order when the result is to compel a hearing upon the merits, than when the default is allowed to stand.

[2] ID.—BILLS OF EXCEPTIONS — PREPARATION AND SERVICE — TIME— SECTION 1054, CODE OF CIVIL PROCEDURE. — Section 1054 of the Code of Civil Procedure limits the power of the trial court, without the consent of the adverse party, to extending time for the preparation and service of the proposed bill of exceptions to thirty days.

[3] ID.—QUESTION OF LAW—DISCRETION.—Where a trial court denies a motion to set aside a default solely for the reason that the default was the result of a mistake of law, it does not exercise the discretion vested in it by section 473 of the Code of Civil Procedure.

[4] ID.—ILLEGAL EXTENSION OF TIME—RELIANCE UPON—MISTAKE OF LAW.—Although it is not within the power of a trial court to grant an extension of time to prepare and serve a proposed bill

---

1. See 14 Cal. Jur. 1073, 1076.
2. See 2 Cal. Jur. 559.

of exceptions beyond thirty days, where it does so and the party in good faith relies upon the void order, the case comes fairly within the remedial provisions of section 473 of the Code of Civil Procedure.

---

(1) 4 C. J., p. 292, n. 11 New, p. 667, n. 32 New, p. 842, n. 55. (2) 4 C. J., p. 280, n. 96, p. 286, n. 43, p. 288, n. 71.   (3) 14 C. J., p. 292, n. 11 New.   (4) 14 C. J., p. 292, n. 6.

APPEAL from an order of the Superior Court of Sacramento County denying a motion to set aside a default in the preparation and filing of a proposed bill of exceptions.  George F. Buck, Judge Presiding.  Reversed.

The facts are stated in the opinion of the court.

Thomas B. Leeper for Appellants.

Devlin & Devlin, Hinsdale & Pigott and T. A. Farrell for Respondent.

THE COURT.—This is an appeal by certain of the above-named defendants from an order of the superior court of the county of Sacramento denying a motion for relief under section 473 of the Code of Civil Procedure from a default in the preparation, service, and filing of a proposed bill of exceptions to be used on an appeal from the judgment entered in the above-entitled action.

The judgment herein was entered on May 20, 1925. An order denying a motion for new trial was made on July 1, 1925, and notice thereof served on the appellants on July 3, 1925.  Thereafter and on application the trial court granted to the appellants certain extensions of time within which they might serve and present their proposed bill of exceptions.  When read together the several orders of the court below extended the appellants' time approximately three months from the last day prescribed by statute (sec. 650, Code Civ. Proc.) for the preparation and service of a proposed bill of exceptions.  On October 6, 1925, the proposed bill was served on the respondent, together with a notice of motion for relief from default in said service.  The respondent had previously indorsed a reservation of all objections to service of the proposed bill upon a copy of the last order extending time to the appellants.

A reading of the record and the briefs herein discloses that the appellants' delay in the service of the proposed bill of exceptions is traceable to their reliance upon the orders of the court below extending time therefor and to an asserted "physically impossible" task of completing the proposed bill within the statutory period.

[1] The rule of law is well settled that motions for relief from default under the remedial provisions of section 473 of the Code of Civil Procedure are addressed to the sound discretion of the trial court and an appellate court will not, in the absence of a clear showing of abuse in the exercise thereof, disturb the action of the court below. It is the policy of the law to favor, wherever possible, a hearing on the merits. (*Waybright* v. *Anderson, ante,* p. 374 [253 Pac. 148].) Moreover, an appellate court is much more disposed to affirm an order when the result is to compel a hearing upon the merits than it is when the default is allowed to stand. (*O'Brien* v. *Leach,* 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac. 1004].)

[2] Counsel for the appellants herein undoubtedly proceeded under the erroneous theory that the trial court's jurisdiction and power to grant extensions of time for the preparation and service of a proposed bill of exceptions was without statutory limitation. Section 1054 of the Code of Civil Procedure, however, expressly declares that the court below may not, without the consent of the adverse party, extend time for more than thirty days for the performance of certain acts. It has been repeatedly held by this court that the provision in section 650 of the Code of Civil Procedure providing that the draft of a bill may be prepared and served within ten days after notice of entry of an order denying a motion for new trial "or such further time as the court in which the action is pending, or a judge thereof, may allow" does not authorize the court to grant an indefinite extension of time for the preparation and service of the draft, but is to be read in connection with the restriction contained in said section 1054 upon the amount of time which may be allowed by the court. (*Cameron* v. *Arcata R. R. Co.,* 129 Cal. 279 [61 Pac. 955].)

[3] The record herein is such as to indicate that the trial court was inclined to deny the appellants' motion to

set aside the default solely for the reason that said default was the result of a mistake of law upon the part of appellants' counsel, the lower court being of the opinion that it was not "within the power of the court to relieve against the situation that has been so created." In so concluding the trial court cannot be said to have exercised that discretion vested in it by section 473 of the Code of Civil Procedure. [4] While it was not within the power of the trial court to grant to the appellants herein, without the consent of the adverse party, an extension of time in excess of thirty days for the preparation and service of their proposed bill of exceptions (sec. 1054, Code Civ. Proc.), nevertheless, having exceeded its jurisdiction by extending the time therefor beyond the statutory limitation and the appellants having in good faith relied on such void orders extending time, the case would seem to fairly come within the remedial provisions of section 473 of the Code of Civil Procedure. The authorities indicate that a mistake of law may be availed of in support of a motion for relief under said code section for the provisions thereof are broad enough to include such mistakes within their scope. (*Waite* v. *Southern Pac. Co.*, 192 Cal. 467, 471 [221 Pac. 204].) In view of the appellants' reliance on the trial court's orders extending time for the preparation and service of the proposed bill and the apparent inability to complete and present the same within the statutory period and authorized extensions thereof, we are of the opinion that a case is presented which would require the lower court in the sound exercise of its discretion to grant the relief prayed for. This being so, the appellants' motion to be relieved from default in the preparation and service of their proposed bill of exceptions was improperly denied by the court below.

For the foregoing reasons the order appealed from is reversed, and the cause is remanded to the trial court with directions to grant the relief sought by the appellants herein.