[L. A. No. 10217. In Bank.—April 2, 1928.]

LOREN L. MILLER, Appellant, v. W. C. PRICE et al., Respondents.

L. C. Woods for Appellant.

William Ellis Lady for Respondents.

WASTE, C. J.—Respondents move to dismiss the appeal from the judgment on the ground that no transcript of the record, certified to be correct by the clerk of the court below, or the attorneys, has been filed here within the time required by rule II of this court, and that no proceeding, either for the settlement of a bill of exceptions, or for the preparation of a transcript under the provisions of section 953a of the Code of Civil Procedure, is pending or may yet be instituted.

Judgment for the defendants on the pleadings was given and filed July 1, 1927. It was docketed and entered July 8, and the judgment-roll was made up on that day. Notice

of entry of judgment was served on plaintiff and filed July 11. A notice of appeal was filed September 6. From the clerk's certificate, and the affidavit offered in support of the motion to dismiss, it appears that a proposed bill of exceptions was served by plaintiff on the defendants on October 6, 1927, and delivered to the clerk on October 7. It has never been settled, and no order has been made giving or granting appellant additional time in which to prepare, serve, and file a proposed bill, and no other proceedings appear to have been instituted to obtain one. In a counter-affidavit made and filed by counsel for appellant in opposition to the motion to dismiss, the affiant asserts that no document purporting to be a proposed bill of exceptions was ever delivered to the clerk. We may therefore conclude that, if there was any attempt to present a record on appeal by means of a bill of exceptions, it has been abandoned.

No notice was given to the clerk of the lower court to prepare a transcript to be used in lieu of a bill of exceptions, as provided in section 953a of the Code of Civil Procedure, and it does not appear that appellant has been relieved from his default in that regard. Consequently, the court could not now settle and certify to the correctness of any such transcript should one be prepared and presented. (*Spear* v. *Monroe,* 181 Cal. 728 [186 Pac. 149]; *Brown* v. *Superior Court,* 175 Cal. 141 [165 Pac. 429]; *Crocker* v. *Crocker,* 76 Cal. App. 606, 608 [235 Pac. 438].)

But there was filed here on October 24, 1927, what purports to be a transcript on appeal, consisting of copies of the judgment-roll, notice of motion to strike out portions of the complaint, notice of motion by the defendants for judgment on the pleadings, notice of entry of judgment, notice of motion for a new trial and notice of appeal. The copies are certified in the usual manner by the clerk of the trial court to be correct. A judgment-roll and the notice of appeal may be considered by this court as a record on appeal, if the transcript was filed in time. No notice to the clerk to prepare transcript is required to bring them here. They form no part of the record to be prepared under section 953a, except in a case in which the judgment, order or decree appealed from be not included in a judgment-roll otherwise prepared. On an appeal from a judgment, the judgment-roll and the notice of appeal are properly fur-

nishéd to this court under section 950 of the code, when properly certified by the clerk of the lower court. (*Ramsay* v. *Rogers,* 189 Cal. 100, 102 [207 Pac. 516].) The decision of the court in *Spear* v. *Monroe, supra,* seems to imply a different rule, but a present examination of the record shows that what was said in the opinion should apply only to the record to be prepared under section 953a. *Dyer Law & Collection Co.* v. *Salisbury,* 17 Cal. App. 393 [119 Pac. 947], in so far as it holds that in the absence of the filing of a notice and request, as provided by section 953a, no duty devolves upon the clerk to prepare, authenticate and send up the judgment-roll, is overruled.

A judgment-roll is a sufficient record for the review of all rulings which appear thereon, and of the sufficiency of the pleadings and findings to support the judgment. (*Ramsay* v. *Rogers, supra.*) When one is properly before the court, the appeal will not be dismissed because of the absence of a record of the testimony prepared under section 953a. (*Locke-Paddon* v. *Locke-Paddon,* 194 Cal. 73, 77 [227 Pac. 715].)

Every *indicia* points to the fact that this appellant did not attempt to proceed under the provisions of section 953a, and that his appeal falls within that part of rule II of this court which provides that the appellant in a civil action "shall within forty days after an appeal is perfected" serve and file the printed transcript of the record. The notice of appeal was timely filed, on September 6, 1927, within sixty days after the entry of judgment. The transcript was not filed here until October 24. Under rule II of this court it should have been filed within forty days after the appeal was perfected. Dating from the filing of the notice of appeal it was filed eight days late. Appellant's counsel says in an affidavit, filed in opposition to the motion to dismiss, that he made an arrangement with others to prepare the transcript on appeal and have it certified by the clerk, and to "file the same within the time provided by law." His showing is weak, but no great delay has resulted. The transcript was filed in this court the day notice of the motion to dismiss was given. Rule V provides that if the transcript, though not filed within the time prescribed, be on file at the time notice to dismiss is given, that fact shall be a sufficient answer to the motion. Whether

the transcript or the notice of motion was filed first does not appear, but there was, at the least, a substantial compliance with the rule. (See *Jaques* v. *Board of Supervisors*, 22 Cal. App. 627 [135 Pac. 686].)

The motion to dismiss appeal is denied.

Curtis, J., Preston, J., Richards, J., Seawell, J., Shenk, J., and Langdon, J., concurred.