[Civ. No. 4763. Third Appellate District.—March 24, 1933.]

MATE SODA, Respondent, v. J. E. MARRIOTT et al., Appellants.

Myrick & Deering and Scott for Appellants.

Anson H. Morgan for Respondent.

PARKER, J., *pro tem.*—This is an appeal from an order granting respondent's motion for relief under section 473 of the Code of Civil Procedure and allowing respondent to file a cost bill after the thirtieth day provided for by section 1034 of the Code of Civil Procedure.

It is agreed that respondent was entitled to costs had the cost bill been filed within the proper time. Likewise, it is undisputed that the cost bill was not filed within the statutory period provided by section 1034 of the Code of Civil Procedure. It was filed some twenty-four days late.

The appeal presents two questions: First, has a court any authority to relieve respondent from his failure to file his cost bill within the thirty days allowed by section 1034 of the Code of Civil Procedure; second, if such power or authority is found, did the respondent here make a sufficient showing to be entitled to relief.

The original cost bill was filed, as noted, some twenty-four days late. Appellants at once moved to strike said cost bill from the file and likewise moved to tax costs. Upon receipt of this motion to tax, respondent filed and served notice of motion for relief from the failure to file cost bill within the statutory period and for an order permitting respondent to file forthwith his cost bill, a copy of which was attached to the notice of motion.

The notice of motion filed by respondent set forth that said motion would be made on the ground that the default was by reason of mistake, inadvertence, surprise and excusable neglect. The notice of motion further stated that such relief would be asked pursuant to section 473 of the Code of Civil Procedure. Attached to said notice of motion were affidavits, of which more hereinafter.

The motion to strike and the motion for relief came on to be heard at the same time. Appellants' motion to strike the original cost bill then on file was granted. The motion of respondent was likewise granted. The default was excused upon the showing made and respondent permitted to file a cost bill. No question arose on the accuracy or correctness of the items of cost. The controversy is embraced within the two propositions outlined hereinbefore.

 We will take up first the question of the court's power to grant relief. Section 1034 of the Code of Civil Procedure reads, in part, as follows:

"Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk and serve upon the adverse party a memorandum of his costs, verified as prescribed by the preceding section."

There is no judicial construction of the section that exactly covers the point here involved. We must therefore proceed on a course of comparison and analogy.

It has been held that a trial judge has power to extend the time within which a cost bill may be filed. (*Beilby* v. *Superior Court,* 138 Cal. 51 [70 Pac. 1024].) The court uses this language:

"We think, however, that the service and filing of a cost-bill is fairly within a proper construction of section 1054 of the Code of Civil Procedure authorizing extensions of time. It is substantially 'a notice other than of appeal'."

Section 1054 of the Code of Civil Procedure reads: "When an act to be done, as provided in this code, relates to the pleadings in the action . . . or to the service of notices other than of appeal, the time allowed by the court, unless otherwise expressly provided, may be extended, upon good cause shown," etc.

The cited case leaves nothing for construction. It holds flatly that a cost bill is a notice, a notice that the successful party, claiming his costs, presents an itemized account thereof for audit. It initiates no new proceeding, it imposes no new liability upon the opposing party. A prevailing party to whom costs have been awarded is put to the task of making express claim for his disbursements, not for the reason that his legal right to costs is undetermined, but solely that the exact amount thereof may be ascertained. The general trend of the decisions is to the effect that if the cost bill is not served and filed within the statutory period the claim is conclusively deemed to have been waived. (*Griffith* v. *Welbanks & Co.*, 26 Cal. App. 477 [147 Pac. 986]; *Holmes* v. *Anderson,* 90 Cal. App. 276 [265 Pac. 1010].)

In *Griffith* v. *Welbanks & Co., supra,* it is held that the sections governing filing of cost bills are statutes of limitation and cannot be extended by court order. This rule would completely nullify the holding in *Beilby* v. *Superior Court, supra.* Appellants here do not seriously question the rule of the Beilby case and in as far as the conflict exists between the two cases we feel bound by the holding of the Supreme Court. (*Beilby* v. *Superior Court, supra.*)

In the case of *Combs* v. *Eberhard,* 120 Cal. App. 25 [7 Pac. (2d) 338], the cost bill was served some time before the findings and judgment was filed, and the court says: "While it is true the cost bill was not apparently served in accordance with law, we think that this was but an irregularity, and that the judgment for costs is not void on its face."

In the case of *Coast Electric Service, Inc.,* v. *Jensen,* 111 Cal. App. 124 [295 Pac. 346, 347], we find this language: "It is also claimed that it was discretionary with the trial court, under section 473 of the Code of Civil Procedure, to relieve plaintiff from its default in failing to serve said memorandum within the statutory period. Conceding this

to be true, the record before us fails to show that any such relief was ever applied for or granted.''

In *Dow* v. *Ross,* 90 Cal. 562 [27 Pac. 409, 410] (on the subject of filing cost bill), we find similar language, as follows: ''Conceding, without deciding, that under the provisions of section 473 of the Code of Civil Procedure, relief in a matter of this kind might be granted by the court upon a proper showing, still, we are satisfied that the showing here made was altogether insufficient to authorize the relief asked for.''

Thus we find the point presented to the Supreme Court and to the District Court of Appeal, a point going directly to a controversy before each court and in each instance the court concedes the power of a trial court under section 473 of the Code of Civil Procedure to relief from a default under sections 1033 and 1034 of the Code of Civil Procedure.

More particularly in matters of procedure do the trial courts feel compelled to follow the construction placed on procedural rules by the courts of last resort. When these courts concede a rule the trial court would seem indeed presumptuous to question it. Section 473 has been held applicable to various cases of default. (*California Nat. Bank* v. *El Dorado L. & M. Co.,* 200 Cal. 452 [253 Pac. 704] [service and filing of a bill of exceptions]; *Valine* v. *Valine,* 48 Cal. App. 418 [192 Pac. 69] [notice to prepare transcript]; *Spear* v. *Monroe,* 181 Cal. 728 [186 Pac. 149].) And there are innumerable cases wherein one has been relieved from the effect of a judgment against him where the party seeking relief brought himself within the terms of the statute. On principle there seems no hardship involved in a rule recognizing this power in the trial court. No one is deprived of any substantial right nor is anyone granted any special privilege. The trial court has a reasonable discretion in determining the necessities and the reasonableness of each request for relief as well as determining the reasonableness of the time within which relief is asked. The whole theory of our laws is that substantial rights shall not be heedlessly sacrificed. And, indeed, the history of our law discloses that whenever and wherever the written law has been found to lack in efficient administration of justice then new rules have supplanted the old. To this

thought we owe the entire branch of equity jurisprudence and equitable relief. It is our opinion that a trial court has the power to grant relief pursuant to the provisions of section 473 of the Code of Civil Procedure, where there has been a failure to file and serve a cost bill within the statutory time as provided in section 1034 of the Code of Civil Procedure.

We come next to the sufficiency of the showing made. The granting or denial of a motion of this character is very largely a matter of discretion to be liberally exercised by the trial court in furtherance of justice, and appellate courts are very reluctant to interfere with the exercise of such discretion and will only do so when it clearly appears that there has been a plain abuse of discretion. (*Dunn* v. *Standard Acc. Ins. Co.*, 114 Cal. App. 208, 213 [299 Pac. 575].) Many authorities are cited in support of the rule announced. Nevertheless, cases do occur when the appellate court is- obliged to say that the action of the trial court involves a plain abuse of discretion and in such a case it is the duty of the appellate court to reverse the action of the trial court. (*Shearman* v. *Jorgensen,* 106 Cal. 483 [39 Pac. 863]; *Redding etc. Min. Co.* v. *National Surety Co.*, 18 Cal. App. 488 [123 Pac. 544].) It may be noted that action of the appellate court is called for in cases of "plain abuse of discretion".

It appears from the record that the attorney for respondent here, appellant on the appeal out of which this judgment for costs arose, was Martin I. Welsh. While the case was pending on appeal he was appointed a judge of the Superior Court of the State of California, in and for the County of Sacramento. This appointment came on January 5, 1932, and forthwith the appointee qualified and ever since said date has held the office of judge of the superior court. Judge Welsh thereupon retired completely from his practice. As is usually the case, he left a large practice and a great amount of unfinished business. The law office of Judge Welsh had been conducted by himself and two other lawyers with two stenographers. Upon his retirement the office disorganized and the entire matter of pending and unfinished business fell to one lawyer, aided by one stenographer. As is a general custom, the matter of checking time had been assigned to a stenographer-secretary. This

person obtained employment elsewhere. Accordingly, the mass of business was without chart and the affairs of the clients unfamiliar to the one remaining attorney in charge. This case was among the unfinished. On January 5, 1932, a petition for rehearing after decision in the District Court of Appeal was pending in the Supreme Court. On January 25th the petition for hearing was denied in the Supreme Court and not later than January 28th the attorney handling the matter was so informed. Instantly the question of costs arose in the mind of counsel: His affidavit recites that he engaged other counsel to assist in the forthcoming retrial of the case and directed the same counsel to watch for the filing of the *remittitur* and advise him so that the cost bill could be prepared and served and filed.

The affidavit recites that counsel believed that the *remittitur* from the Supreme Court would not issue until thirty days after a petition for hearing had been denied and he therefore thought that the *remittitur* in this case would not come down until thirty days after January 25th and accordingly under the provisions of section 1034 of the Code of Civil Procedure he would have thirty days more to file the cost bill. The *remittitur* did come down and was filed on January 28, 1932, being, of course, the *remittitur* from the District Court of Appeal, the going down of which had been stayed by the proceedings taken for a hearing by the Supreme Court. Counsel was mistaken in this thought. Nevertheless he had no notice as to the filing of the *remittitur* until about the time he actually filed and served his cost bill. That is to say, regardless of his notion of the procedure, he did file and serve the cost bill promptly upon ascertaining the filing of the *remittitur*. So it appears that counsel's conclusion as to the law was not the sole cause of the delay. It would seem equally true that his failure to ascertain the date of the *remittitur* was more a reason for the delay of the cost bill. Counsel then specifies the conditions under which he labored as follows:

"That when said Martin I. Welsh was appointed to the Superior Bench as aforesaid, an exceedingly large amount of pending matters were left in the hands of affiant that required a great deal of attention, and immediate attention, a large part of which matters were entirely unfamiliar to

affiant, said matters being handled personally by said Martin I. Welsh; and by reason thereof affiant was greatly harassed; that there were several trials set for early dates with which affiant had to familiarize himself and to try; that the stenographer for Judge Welsh who was thoroughly familiar with the detail work of the office and who was accustomed to taking full responsibility in matters of filing pleadings and watching time, found employment elsewhere and her services were not available to affiant in handling the enormous volume of unfamiliar work which devolved upon affiant; that after Judge Welsh ascended the Bench, the burden of the work in said office, heretofore handled by three attorneys and two stenographers fell upon affiant and an assistant who did the stenographic work and some law work. That the appointment of Judge Welsh to the Superior bench was unanticipated and there was no opportunity on the part of affiant to familiarize himself with the work prior to Judge Welsh's discontinuance in the practice of the law; that by reason of the foregoing affiant inadvertently failed to personally ascertain if and when said *remittitur* had been filed in the above entitled cause assuming that he would be advised thereof as hereinabove alleged.''

Thus will be noted a situation differing from that presented in *Dow* v. *Ross,* 90 Cal. 562 [27 Pac. 409], where a claimed ''press of business'' was the excuse offered. Here the work of a busy office was, without warning, suddenly thrown on the shoulders of one almost wholly unfamiliar therewith. The former attorney in charge was completely removed from the scene, almost as effectively as though some less fortunate happening had forced his removal.

While there has been feeble suggestion that a judge is no longer a lawyer, it is not denied that one elevated to the bench is no longer an attorney at law. If Judge Welsh had passed on, an event which we hope will be long deferred, there seems little doubt but that the same conditions as here shown would suffice to justify the delay. As far as the business in hand went the same practical result followed.

The language of the trial judge in his opinion filed was as follows: ''With respect to the showing made in support of and justifying the relief sought, it clearly appears that the showing is proper and sufficient.''

We might not go exactly that. far, but we are of the opinion that the action of the trial court does not show a plain abuse of discretion.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.