[Civ. No. 1661. Fourth Appellate District.—December 18, 1936.]

In the Matter of the Estate of FANNY BIXBY SPENCER, Deceased. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a Corporation), as Trustee, etc., Respondent, v. ELIZABETH IRVING BIXBY et al., Appellants.

James Donovan for Appellants.

Denio, Hart, Taubman & Simpson and George P. Taubman, Jr., for Respondent.

MARKS, J.—This is an appeal from an order settling the first annual account current of the Security-First National Bank of Los Angeles as trustee of a trust created by the decree of distribution in the estate of Fanny Bixby Spencer, deceased.

Appellants complain of two items of expense included in the account of the trustee and allowed by the trial judge who overruled objections to them. They are, $2,471.56, expended by the trustee for a daily transcript in an action brought against it in the Superior Court of Los Angeles County, wherein appellants and another attacked the legality of the trust, and, $2,500, allowed as fees for the attorneys who successfully defended the action for the trustee.

The trustee ordered, procured and paid for a daily transcript of the evidence in the civil action and actually expended the sum of $2,471.56 for this purpose. It filed its cost bill which included the several payments making up this total. As the trial court had made no order for a daily transcript the amount was reduced to $269.45 which was taxed in favor of the trustee. Appellants urge that the probate court could not allow the trustee in its accounting anything more than the costs actually taxed and allowed by the superior court in that case.

Section 2273 of the Civil Code provides as follows:

"A trustee is entitled to the repayment, out of the trust property, of all expenses actually and properly incurred by him in the performance of his trust. He is entitled to the repayment of even unlawful expenditures, if they were productive of actual benefit to the estate."

Section 1122 of the Probate Code contains the following:

"On the settlement of each such account the court shall allow the trustee his proper expenses and such compensation for services as the court may deem just and reasonable."

It is said in *Estate of Gartenlaub,* 185 Cal. 648, at page 654 [198 Pac. 209, 211, 16 A. L. R. 520], that "It is a general rule that trustees are entitled to reimbursement for expense incurred in good faith in the execution of the trust."

Applying the foregoing rules to the instant case it would follow that the necessity for the daily transcript during the trial of the case attacking the trust, the reasonableness of the charge for it, and its value to the trust estate, were questions properly addressed to the sound discretion of the court below, and that court having properly exercised this discretion soundly, its decision is final here and is binding upon us. The amount of the costs actually taxed in favor of the trustee in the civil action is not the limit of the reasonable expenditures that may be incurred by the trustee in the defense of the action and which may be allowed it in its accounting. A case might arise where a trustee might be compelled to employ experts to assist it in the defense of the trust who might also testify as witnesses during the trial. Only their fees as witnesses could be taxed as costs. (*Corona Foothill Lemon Co.* v. *Lillibridge,* 12 Cal. App. (2d) 549 [55 Pac. (2d) 1210].) This fact would not prohibit the

approval of reasonable and proper fees of the experts in the accounting by the trustee.

When the trust is attacked in a civil action the trustee may employ counsel to defend it and a reasonable fee for the services of such counsel may be allowed by the court having jurisdiction over the trust estate. (*Estate of Gartenlaub, supra; Estate of Duffill,* 188 Cal. 536 [206 Pac. 42].)

Appellants have filed here what they call a petition for an order directing the trial judge ''to settle, approve and forward to this court'' a typewritten reporter's transcript of the testimony taken at the hearing of the report of the trustee and the objections made to it. An examination of the clerk's transcript discloses that appellants failed to file any request for a reporter's transcript as required by section 953a of the Code of Civil Procedure. Such notice initiates the proceedings necessary to be followed to secure a duly authenticated reporter's transcript to be used on appeal, and without the notice none can be obtained. As was said in *Miller* v. *Price,* 203 Cal. 772 [265 Pac. 931] :

''No notice was given to the clerk of the lower court to prepare a transcript to be used in lieu of a bill of exceptions, as provided in section 953a of the Code of Civil Procedure, and it does not appear that appellant has been relieved from his default in that regard. Consequently, the court could not now settle and certify to the correctness of any such transcript should one be prepared and presented. (*Spear* v. *Monroe,* 181 Cal. 728 [186 Pac. 149] ; *Brown* v. *Superior Court,* 175 Cal. 141 [165 Pac. 429] ; *Crocker* v. *Crocker,* 76 Cal. App. 606, 608 [245 Pac. 438].)''

The petition is denied. The order is affirmed. Respondent will recover costs on appeal.

Barnard, P. J., and Jennings, J., concurred.