[L. A. No. 16119.  In Bank.—February 9, 1937.]

**E. PERRY CHURCHILL, Respondent, v. TITLE INSUR-
ANCE AND TRUST COMPANY (a Corporation),
Appellant.**

[L. A. No. 16120.  In Bank.—February 9. 1937.]

**E. PERRY CHURCHILL, Respondent, v. TITLE INSUR-
ANCE AND TRUST COMPANY (a Corporation),
Appellant.**

[L. A. No. 16121.  In Bank.—February 9, 1937.]

**E. PERRY CHURCHILL, Respondent, v. TITLE INSUR-
ANCE AND TRUST COMPANY (a Corporation),
Appellant.**

P. Talbot Hannigan and Francis P. Harrington for Appellant.

Musick & Burrell, Clayton Straub and James E. Bednar for Respondent.

WASTE, C. J.—Each of the above-entitled causes presents an appeal from a default judgment entered in proceedings to foreclose street assessment liens. Plaintiff and respondent has moved to dismiss each appeal.

Judgment was entered in each of these causes on March 18, 1936, and notices of appeal were thereafter timely filed. We cannot accept the movent's contention that the respective transcripts were filed too late. Originally upon request of the clerk of the court below, which request was based upon his inability to prepare a clerk's transcript within the required time, and thereafter upon stipulation of the parties, the court below made several orders extending the time for the preparation of the record to be used on appeal. Computation reveals that the last of such orders extended the time until November 12, 1936. A transcript, duly certified by the clerk of the court below, was seasonably filed in each of these causes two days prior to the expiration of the period so fixed.

Contrary to the respondent's contention, it was not necessary for the appellant to file a request for transcript within ten days after notice of entry of judgment as required by section 953a of the Code of Civil Procedure. The provisions of that section are without application to the procurement of a clerk's transcript of the judgment roll. In *Miller* v. *Price,* 203 Cal. 772, 774, 775 [265 Pac. 931], it is declared that ''A judgment-roll and the notice of appeal may be considered by this court as a record on appeal, if the transcript was filed within time. No notice to the clerk to prepare transcript is required to bring them here. They form no part of the record to be prepared under section 953a, except in a case in which the judgment, order or decree appealed from be not included in a judgment-roll otherwise pre-

pared. On an appeal from a judgment, the judgment-roll and the notice of appeal are properly furnished to this court under section 950 of the code, when properly certified by the clerk of the lower court. . . . A judgment-roll is a sufficient record for the review of all rulings which appear thereon, and of the sufficiency of the pleadings and findings to support the judgment. . . . When one is properly before the court, the appeal will not be dismissed because of the absence of a record of the testimony prepared under section 953a. . . . ''

■ The transcripts being properly here we are not inclined to disregard them because, as urged by respondent, they are typewritten and not printed as provided in section 1 of rule I, Supreme Court Rules. In an affidavit filed in response to the motions to dismiss, the appellant has attempted to excuse itself for this deficiency by averring that it was attributable to lack of finances of those beneficially interested. We are inclined to relieve appellant from this default in each cause, thus insuring a disposition on the merits.

The motions to dismiss are, and each is, denied.

Seawell, J., Shenk, J., Curtis, J., Edmonds, J., and Langdon, J., concurred.