[Civ. No. 12036.  First Dist., Div. One.  June 16, 1942.]

THOMAS D. JOHNS, Respondent, v. WILDA L. PETER-SON, Appellant.

Charles E. Hobart for Appellant.

Maurice C. Sparling and Spencer C. Olin for Respondent.

WARD, J.—This is an appeal by defendant from a judgment in favor of plaintiff in an action for the enforcement of a trust and for an accounting.

The subject of the trust was a piece of real property conveyed by the mother of the parties herein, trustor, to her daughter, trustee. The deed of trust provided that the trustor and her son, plaintiff herein, should have the right to use and occupy a dwelling house situated on the rear of the land during the lifetime of the trustor; that the daughter should have the right to erect a dwelling house for herself on the front part of it, and in connection therewith a double garage for the joint use of the parties.

The trustee was to pay all taxes, assessments and mortgage encumbrances against the property from the date of the creation of the trust. On the death of the trustor, the property was to be sold at a price to be agreed upon by the son and daughter or fixed by arbitration. There was also to be agreed upon, at the same time and in the same manner, the value of any improvements placed by the daughter on the property from the inception of the trust. It was provided that at the sale the daughter might be the purchaser of the property. There was a further provision ''That from the proceeds of the sale of said property, after payment of any taxes and encumbrances then against same, said second party [the daughter] shall first be reimbursed for all taxes, assessments and encumbrances (except encumbrances placed upon said property by said second party) upon said property paid by the second party after the date of this agreement, including taxes and assessments upon the improvements placed upon said property by the second party; and the second party shall also from said proceeds be reimbursed the value of said improvements as agreed upon or as appraised, as hereinbefore provided''; that a grandson should receive $100, and that any balance remaining be divided equally between trustor's son and daughter. A subsequent amended agreement provided that should the mother die prior to the 1st day of January, 1938, the sale of the property should not take place until such date.

Following the death of the mother, defendant brought a suit in ejectment against the plaintiff, as the result of which she was awarded a judgment of $73.24, consisting of $28.24 costs, and $45 rental value of the property at $7 a month. Thereafter she expended $293.62 in the repair of the house formerly occupied by her mother and brother and received rental therefrom varying from $20 to $24 a month. In connec-

tion with this ejectment suit, defendant also incurred legal fees of $250.

In the accounting herein, the court charged the trustee with the following:

| | | |
|---|---:|---:|
| Value of property, stipulated on January 1, 1938, to be | $4,350.00 | |
| Rental of house in rear after repair | 704.00 | |
| Judgment rendered in ejectment suit (uncollected) | 73.24 | $5,127.24 |

and credited her as follows:

| | | |
|---|---:|---:|
| Payment on prior encumbrance (at the date of the trust instrument there was an encumbrance on the property of) | $ 340.00 | |
| General taxes | 547.58 | |
| Special assessments, insurance, attorney's fee for drawing trust instrument, escrow charges, repairs to house in rear subsequent to Jan. 1, 1938, sprinkler system, etc. | $ 355.47 | |
| Part attorney's fee in ejectment suit ($100 disallowed) | 150.00 | |
| Legacy to grandson of trustor | 100.00 | |
| Stipulated value on Jan. 1, 1938, of improvements made to property by trustee daughter | 2,500.00 | |
| Expenses in ejectment suit, including rental value as above | 73.24 | $4,066.29 |

leaving a balance of $1,060.95 to be divided between the plaintiff and defendant, of which the item of $73.24, with which the trustee is charged, represents an uncollected judgment.

Defendant contends that the uncollected judgment should not be charged against her; that plaintiff made it necessary for her to bring the ejectment suit, and that although she is subsequently credited with the amount of the judgment, representing costs and rental, the net result is a disallowance of the $28.24, costs incurred. Further, that she should have

been credited with the full amount of the attorney's fee, $250, incurred by her in connection with such suit. Defendant takes exception to the disallowance of $293.62 covering repairs, etc., to the house in the rear following the ejectment suit, for the greater part of which bills were furnished, particularly since she is charged with the increased rental received as a result of such expenditures.

She further calls attention to her interpretation of paragraph 5 of the trust instrument, contending in this regard that the language "That from the proceeds of the sale of said property, after payment of any taxes and encumbrances then against same, said second party shall first be reimbursed," etc., provides for the payment of an encumbrance of $1,659.75 placed by her on the property and in existence on January 1, 1938. She urges that the disallowance of this item constitutes error.

In the matter of such encumbrance upon the property, the trust instrument specifically further provides that the trustee is to be reimbursed "except [for] encumbrances placed upon said property by said second party [appellant]."

■ There would appear to be no just complaint of the items making up the amount of $5,127.24 with which the trustee is charged.

Ordinarily a trustee is entitled to be reimbursed for costs expended in the performance of a trust (Civ. Code, § 2273); *Estate of Gartenlaub,* 185 Cal. 648 [198 Pac. 209, 16 A. L. R. 520] if such amounts are just and reasonable (Prob. Code, § 1122). The amount of $293.62 covering repairs to the rear house after the ejectment suit in 1936, particularly when as a result the value of the estate was increased by $704 collected as rental, would appear to be a proper credit. Also, while under the trust instrument the daughter was to be reimbursed "the value of said improvements as agreed upon or as appraised," nevertheless both parties received the benefit of these expenditures as well as those made subsequent to January 1, 1938, and enumerated in the preceding account and which, with the exception of the cost of the sprinkler system the parties stipulated to allow, by an enhanced value of the property with which the court charged the trustee.

It was the duty of the trial court to pass upon the reasonableness of expenditures, and the matter of the reduced attorney fee was for the sound discretion of the trier of the facts (*In re Bauer,* 17 Cal. App. (2d) 426 [62 P. (2d) 150]; *Estate*

*of Spencer,* 18 Cal. App. (2d) 220 [63 P. (2d) 875]), taking into consideration the interests of the beneficiaries under all of the circumstances.

With regard to the item of $73.24 credited to the trustee, since only $28.24 thereof represented costs of bringing the ejectment suit, it would appear that the trustee has received in this regard an excess of credit of $45.

From the above it will be clear that the total amount to be credited the trustee would be the sum of $4,314.91, leaving a balance to be divided between plaintiff and defendant of $812.33, of which the item of $73.24, as above stated, represents an uncollected judgment.

■ Appellant contends that the court should have terminated the trust and made a complete and final disposition of the entire matter in this proceeding. Incidentally, until the hearing on the motion for a new trial, it does not appear that there was any insistence to have the court do this, the main burden of the complaint being a claim that plaintiff was entitled to a money payment from the trustee which she, for an unjustifiable period, had neglected to make. Respondent concedes the judgment herein as res judicata. His brief contains the following statement: "Payment of the judgment in plaintiff's favor, entered upon said accounting, would constitute all that he was entitled to receive under the terms of the Trust Agreement, and would be an effective bar to any further litigation by him." Equity retains jurisdiction to settle any remaining issue upon an appropriate application, or, in this case, by formal order to terminate the trust if through mistake or inadvertence the decree has not so provided. (*Murphy* v. *Sheftel,* 121 Cal. App. 533 [9 P. (2d) 568] ; *Walsh* v. *Majors,* 4 Cal. (2d) 384 [49 P. (2d) 598].)

The only matters requiring modification of the judgment, in view of respondent's acquiesence in the conclusion that the whole matter is res judicata, are the failure to credit her with the sum of $293.62, and the overcredit to her of $45.

The judgment is reversed, with instructions to the trial court to amend its findings and conclusions as herein indicated, and upon such revised findings of fact and conclusions of law to enter judgment, each party to bear his or her own costs on this appeal.

Peters, P. J., and Knight, J., concurred.