[Civ. No. 25362. Second Dist., Div. Two. Oct. 19, 1961.]

CLARENCE BRUECKNER et al., Respondents, v. NICHOLAS FERRARA, Appellant.

Nicholas Ferrara, in pro. per., for Appellant.

Matranga & Abrams and Martin L. Abrams for Respondents.

FOX, P. J.—Defendant appeals from the judgment and from the orders striking his cost bill and denying him relief from his failure to file it in time.

Plaintiffs, a copartnership, doing business as Belvedere Plumbing, filed this action on May 7, 1958, to recover possession of certain office furniture and fixtures, garage tools, and equipment of the automotive business of Robustelli, Inc., or the value thereof if delivery could not be had. Following the filing of the complaint, plaintiffs invoked the auxiliary remedy of claim and delivery and thereby secured the immediate possession of the said personal property. Robustelli, Inc., had made an assignment to defendant, an attorney, for the benefit of creditors. In his answer, defendant denied the material allegations of the complaint, sought affirmative relief by way of counterclaim, and prayed that plaintiffs be ordered to return all of said property to him and, in case return could not be had, for a judgment for the value thereof, plus interest, and damages for the wrongful taking and withholding of said property. The evidence disclosed that plaintiffs placed said property in their warehouse and still had it in their possession at the time of trial.

Among other things, the court found:

1. That on or about May 7, 1958, plaintiffs took from the possession of the defendant certain personal property (described in the findings), and that "plaintiffs at all times since up to but not after April 30, 1959, have withheld possession of same from defendant."

2. That "at the time of the commencement of this action and at all times thereafter, defendant was and now is entitled to the possession of all of said items of personal property."

3. "That the fair market value of said personal property . . . was . . . and now is $6,000.00,"

4. "That the taking of possession of said personal property by plaintiffs and their withholding the same from defendant's possession damaged defendant in the sum of $750.00."

From these findings the court concluded that defendant should recover from plaintiffs the possession of said personal property, together with $750 damages for the detention thereof; or, in case delivery of said property cannot be had, then defendant was entitled to recover from plaintiffs $6,000, the value of said property, together with his said damages and costs. Judgment was thereupon entered in this alternative form. The judgment was in accordance with that portion of section 667, Code of Civil Procedure, which provides that "[i]n an action to recover the possession of personal property . . . If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return can not be had, and damages for taking and withholding the same."

Defendant argues that the court erred in entering a judgment in the alternative for the return of the property or its value. He contends that the court should have awarded him the value of the property, namely $6,000, plus interest. He bases his argument on certain evidence that indicates that on or about June 2, 1958, and prior to trial, plaintiffs sold the property in question to a corporation for $3,500, and that they thereby wrongfully converted said property. Defendant sought findings in accordance with his theory, but the court refused to so find. The purported sale of the aforesaid property was to the Belvedere Sewer Corporation which "belonged to" Belvedere Plumbing. Plaintiff Brueckner was president of the Sewer Corporation, which had its place of business at the same address as Belvedere Plumbing. The property was stored in a company warehouse on the premises where both concerns were located. It does not appear that there was any change of possession. It is a reasonable inference that plaintiffs were at all times in a position to redeliver the property to defendant. In fact, it is clear that upon at least one occasion they offered to do that. The manager of the Plumbing Company testified: "There was no actual sale." Although a document in the nature of a bill of sale, listing all the items and reciting a consideration of $3,500, was drawn up and presented to the Sewer Corporation, which issued its check in said amount, the trial court was entitled, from all the circumstances, to draw the inference that this was not intended as a bona fide sale.

It is thus apparent that there is ample justification for the trial court's refusal to find that there had been a sale of the property by plaintiffs and therefore a conversion thereof, and that there is ample evidence to support the court's findings on this issue and to justify its alternative judgment.

 Defendant, however, persuasively argues that the court erred in finding that plaintiffs did not withhold possession of the property from defendant after April 30, 1959. Our examination of the record fails to disclose any evidence which would support this finding. Apparently it was inadvertently based on a statement contained in a notice of plaintiffs' counsel to defendant offering to return said property, wherein it was recited that on April 30, 1959, plaintiffs had offered to return said property. This statement, of course, is not evidence. There is an affidavit by Mr. Abrams, counsel for plaintiffs, in the clerk's transcript in which he states that on or about October 30, 1959, he had a telephone conversation with defendant in which he offered to return the property here involved. There is also in the clerk's transcript notice to defendant signed by Mr. Abrams, offering to return the said property. This notice is dated December 1, 1959, and was filed the next day. These offers were six and seven months, respectively, after April 30, 1959, which is the date on which the court found that plaintiffs offered to make such return. It will be recalled that the court awarded defendant $750 damages for the taking and detention by plaintiffs of said property. In making this award the trial court undoubtedly relied upon its finding that there was no withholding of the property after April 30, 1959. But, as previously pointed out, this finding is unsupported. The length of time the property was withheld was, of course, a proper item for the court to take into consideration in fixing the damages for such withholding. That time, however, has not been properly determined. That period should be definitely ascertained and taken into account in fixing damages for the wrongful detention. The judgment must therefore be reversed for the purpose of ascertaining the date on which the plaintiffs offered to return said property and thus the length of time that they wrongfully withheld possession of the same; and redetermining the damage defendant suffered for such wrongful taking and detention, and the entry of a new judgment accordingly.

### Appeal From the Orders

The findings of fact, conclusions of law, and judgment were filed on June 8, 1960. On June 9th, defendant, an attorney

who represented himself, received a copy of these documents showing that they were filed on June 8th. The judgment was entered on June 10th. Defendant did nothing further until June 20th when he telephoned the county clerk's office, register of actions section, and asked the clerk to give him the date of entry of judgment in this action. The clerk informed defendant that the judgment was entered on June 18th. Relying on this information, defendant, on June 23d, filed his memorandum of costs and disbursements. Upon receipt of plaintiff's motion to strike his cost bill defendant personally checked the register of actions and learned that the true date of entry was June 10th; that the zero in the figure "10" in the register of actions was written in by hand and "it apparently appeared like an '8' to the clerk who stated to defendant that the date of entry was the 18th, which accounted for the clerk's error in his statement to defendant.'"* Defendant further avers that had he been told on June 20 by said clerk that the date of entry was June 10th, he would have served and filed his cost bill on that date which was the last day for a timely filing. Upon the basis of his affidavit setting forth the foregoing, defendant sought to be relieved from his default in not filing his cost bill in time and for leave to file such cost bill. The trial court denied defendant's motion and granted plaintiffs' motion to strike said cost bill. Defendant has appealed from both orders.

 The granting or denial of motions of the character of those here involved rests very largely in the discretion of the trial court and such discretion will not be interfered with on appeal unless "it clearly appears that there has been a plain abuse" thereof. (*Soda* v. *Marriott*, 130 Cal.App. 589, 594 [20 P.2d 758].)

 Defendant, who is an attorney, had knowledge that the findings, conclusions, and judgment were filed on June 8th. Reasonable diligence would have indicated that the judgment would likely be entered in two or three days and that he should make inquiry about its entry in less than 10 days from the date it was filed. To fail to make such inquiry justifies an inference of negligence. If defendant had made inquiry within such period the apparent mistake of the clerk who examined the register of actions would not have happened for

*The photostatic copy of the judgment in the clerk's transcript on this appeal reveals a stamp on the first page of the judgment showing it was entered June 10, 1960. The clerk to whom defendant talked on the telephone apparently did not examine the file.

the 18th of June would not have yet arrived since the judgment had been filed on June 8th. If defendant had caused the file to be examined instead of the register of actions, he would have gotten the correct information for the date of the entry is clearly stamped on the face of the document. Thus, the trial judge was justified in drawing the inference that defendant was in some degree at fault in not filing his memorandum of costs and disbursements within the time required by the statute. Bearing in mind the legal maxim (Civ. Code, § 3527) : "The law helps the vigilant, before those who sleep on their rights," it cannot be said that the trial court abused its discretion in denying defendant's motion to be relieved from his default in not filing his cost bill within the required time, and in granting plaintiffs' motion to strike the same because it was not timely filed.

The judgment is reversed with directions to redetermine the amount of defendant's damage caused by plaintiffs' taking and detention of the personal property here in question and to enter a new judgment not inconsistent with the views herein. The orders are affirmed. Each party will bear his own costs on appeal.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 13, 1961.